WENDY L. MIELE (State Bar No. 165551)
wlm@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA  92612-6578
Telephone:  (949) 442-7110
Facsimile:   (949) 442-7118

MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:  (415) 398-3344
Facsimile:   (415) 956-0439

Attorneys for Defendants
AMERICA'S WHOLESALE LENDER; DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for the Harborview Mortgage Loan Trust
2006-5; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
BANK OF AMERICA, N.A., successor by merger to BAC Home Loans
Servicing, LP; and RECONTRUST COMPANY, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ATTILIO ARMENI, individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AMERICA'S WHOLESALE LENDER; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HARBORVIEW MORTGAGE LOAN TRUST 2006-5; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA , AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A..; and Does 1 – 10, inclusive,<br><br>　　　　Defendants. | Case No.:  8:11-CV-01317 DOC (SHx)<br>Hon. David O. Carter<br>Ctrm. 9-D<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[F.R.C.P. RULE 12B(6)]**<br><br>*[Concurrently Filed & Served with: Request for Judicial Notice of Certified Documents; and [Proposed] Order]*<br><br>Date:　　January 23, 2012<br>Time:　　1:30 p.m.<br>Ctrm.:　 9-D<br><br>Complaint Filed:  August 31, 2011<br>First Amended Filed:  October 24, 2011<br>Second Amended Filed:  Nov. 22, 2011 |

1 | **TABLE OF CONTENTS**
2 | **Page**

3 | I.    INTRODUCTION ....................................................................... 1

4 | II.   PERTINENT FACTS .................................................................. 2

5 |     A.   Loan History ........................................................................ 2

6 |     B.   Plaintiff's Allegations ......................................................... 2

7 | III.  LEGAL AUTHORITY FOR MOTION TO DISMISS ................................. 3

8 | IV.   PLAINTIFF LACKS STANDING TO CHALLENGE THE
9 |       FORECLOSURE ABSENT TENDER ....................................... 4

10 | V.   PLAINTIFF CANNOT CHALLENGE ENFORCEMENT OF THE
     DEED OF TRUST ..................................................................... 5

11 |     A.   Defendants Are Entitled To Foreclose And *Gomes* Is Applicable ...... 5

12 |     B.   Plaintiff's Improper Securitization Theory Fails ................................ 6

13 |     C.   The Assignment Is Valid ................................................................... 7

14 | VI.  PLAINTIFF'S FIRST CLAIM FOR DECLARATORY RELIEF
15 |      AGAINST ALL DEFENDANTS FAILS ........................................... 7

16 |     A.   Declaratory Relief Claim Is Only Remedial ...................................... 7

17 |     B.   There Is Nothing Improper About Securitizing The Note .................. 8

18 |     C.   MERS Has Legal Authority ............................................................. 9

19 |     D.   Plaintiff Fails To Allege Tender ...................................................... 10

20 | VII. PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF 15 U.S.C.
     §1692(E) AGAINST DEUTSCHE FAILS ................................... 11

21 | VIII. PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF RESPA
22 |       AGAINST BAC FAILS ...................................................... 12

23 |         1.   Claim Is Time-Barred ......................................................... 12

24 |         2.   Plaintiff's Claim Does Not Fall Within Enumerated
     Wrongful Acts ................................................................ 13

25 | IX.  PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF CAL.
26 |      BUSINESS & PROFESSIONS CODE §17200 AGAINST
     DEUTSCHE AND BAC FAILS ............................................... 14

27 |     A.   No Prohibited Practices Alleged ...................................................... 14

28 |     B.   Plaintiff Cannot Show Entitlement To Any Remedies Sought ......... 15

X.     PLAINTIFF'S FIFTH CLAIM FOR BREACH OF CONTRACT
       AGAINST DEUTSCHE AND BAC FAILS ................................................ 16

       1.     Claim Is Time-Barred ............................................................ 16

       2.     Plaintiff Is Not Owed an Accounting ..................................... 17

XI.    BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
       DEALING AGAINST DEUTSCHE AND BAC FAILS ............................ 18

XII.   CONCLUSION .......................................................................................... 19

1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Abdallah v. United Savings Bank*,
43 Cal.App.4th 1101 (1996)..................................................................15

*Aceves v. U.S. Bank, N.A.*,
192 Cal.App.4th 218 (2010)...................................................................6

*Agosta v. Astor*,
120 Cal.App.4th 596 (2004)..................................................................19

*Am. States Ins. Co. v. Kearns*,
15 F.3d 142 (9th Cir. 1994)....................................................................8

*Arikat v. JP Morgan Chase & Co.*,
430 F.Supp.2d 1013 (N.D. Cal. 2006)...................................................11

*Arnolds Management Corp. v. Eischen*,
158 Cal.App.3d 575 (1984).....................................................................4

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009).............................................................................3

*Associated Gen. Contractors v. Metro. Water Dist.*,
159 F.3d 1178 (9th Cir.) .........................................................................3

*Bascos v. Federal Home Mort. Corp.*,
2011 WL 3157063 (S.D. Cal. 2011).......................................................7

*Batt v. City & County of San Francisco*,
155 Cal.App.4th 65 (2007)....................................................................17

*Bell Atlantic Co. v. Twombly*,
550 U.S. 544 (2007)................................................................................3

*Benham v. Aurora Loan Services*,
2009 WL 2880232 (N.D. Cal. 2009).......................................................8

*Bionghi v. Metro Water Dist.*,
70 Cal.App.4th 1358 (1999)..................................................................18

*Blaylock v. First Am. Title Ins. Co.*,
504 F.Supp.2d 1091 (W.D. Wash. 2007) .............................................12

*Brea v. McGlashan*,
3 Cal.App.2d 454 (1934).......................................................................17

*Cairns v. Franklin Mint Co.*,
24 F.Supp.2d 1013 (C.D. Cal. 1998)......................................................3

*Caligiuri v. Wells Fargo Bank, N.A.*,
2008 WL 219613 (D. Or. 2008)................................................................12

*Careau & Co. v. Security Pac. Bus. Credit*,
222 Cal.App.3d 1371 (1990).....................................................................18

*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*,
2 Cal.4th 342 (1992) .................................................................................19

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994).........................................................................3

*Day v. AT&T Corp.*,
63 Cal.App.4th 325 (1998)........................................................................15

*DeVary v. Countrywide Home Loans, Inc.*,
2010 WL 1257647 (D. Minn. 2010)..........................................................13

*Downey v. Humphreys*,
102 Cal.App.2d 323 (1951)........................................................................19

*Edwards v. First Am. Corp.*,
517 F.Supp.2d 1199 (C.D. Cal. 2007) ......................................................12

*Fontenot*,
*supra*, 198 Cal.App.4th at 272 .................................................................6

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal.4th 797 (2005) ........................................................................16, 17

*FPCI RE-HAB 01 v. E&G Investments, Ltd.*,
207 Cal.App.3d 1018 (1989)................................................................4, 11

*Gaffney v. Downey Savings & Loan Assn.*,
200 Cal.App.3d 1154 (1988)......................................................................4

*Gamboa v. Trustee Corps*,
2009 WL 656285 (N.D. Cal. 2009)...........................................................12

*Gardner v. American Home Mortgage Servicing, Inc.*,
691 F.Supp.2d 1192 (E.D. Cal. 2010) ......................................................11

*Gomes* v. *Countrywide Home Loans*,
192 Cal.App.4th 1149 (2011).........................................................5, 6, 9, 10

*Hulse v. Ocwen Fed. Bank, FSB*,
195 F.Supp.2d 1188 (D. Or. 2002)............................................................12

*Izenberg v. ETS Services, LLC*,
589 F.Supp.2d 1193 (2008)................................................................11, 12

*Karlsen v. Am. Sav. & Loan Ass'n.*,
15 Cal.App.3d 112 (1971)...........................................................................4

*Kim v. Sumitomo Bank*,
    17 Cal.App.4th 974 (1993)...............................................................................18

*Knapp v. Doherty*,
    123 Cal.App.4th 76 (2004)................................................................................6

*Krantz v. BT Visual Images, L.L.C.*,
    89 Cal.App.4th 164 (2001)...............................................................................14

*Lane v. Vitek Real Estate Industries Group*,
    713 F.Supp.2d 1092 (E.D. Cal. 2010)...........................................................5, 8

*Madrid* v. *Perot Systems Corp.*,
    130 Cal.App.4th 440 (2005).............................................................................15

*Marin v. Lowe*,
    8 F.3d 28 (9th Cir. 1993)....................................................................................8

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
    312 U.S. 270 (1941)............................................................................................8

*Miller v. Northwest Trustee Servs., Inc.*,
    2005 WL 1711131 (E.D. Wash. 2005)............................................................12

*Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646 (9th Cir. 1988)..............................................................................4

*Moeller v. Lien*,
    25 Cal.App.4th 822 (1994).................................................................................7

*Mulato v. WMC Mortg. Corp.*,
    2010 WL 1532276 (N.D. Cal. 2010)..................................................................8

*Nguyen v. Calhoun*,
    105 Cal.App.4th 428 (2003)..............................................................................16

*Nymark v. Heart Fed. Savings & Loan Ass'n.*,
    231 Cal.App.3d 1089 (1991).............................................................................18

*Oaks Mgmt Corp. v. Superior Court*,
    145 Cal.App.4th 453 (2006)..............................................................................18

*Onofrio v. Rice*,
    55 Cal.App.4th 413 (1997)................................................................................10

*Pantoja v. Countrywide Home Loans, Inc.*,
    640 F.Supp.2d 1177 (N.D. Cal. 2009)................................................................9

*Pension Trust Fund v. Federal Ins. Co.*,
    307 F.3d 944 (9th Cir. 2002).............................................................................18

*Price v. Wells Fargo Bank*,
    213 Cal.App.3d 465 (1989)...............................................................................19

*Puentes v. Wells Fargo Home Mortgage, Inc.*,
 160 Cal.App.4th 638 (2008)..............................................................14

*Putkkuri v. ReconTrust Co.*,
 2009 WL 32567 (S.D. Cal. 2009) ....................................................12

*Reynoso v. Paul Fin., LLC*,
 2009 WL 3833298 (N.D. Cal. 2009)..................................................14

*San Diego Home Solutions, Inc. v. ReconTrust Co.*,
 2008 WL 5209972 (S.D. Cal. 2008)...................................................12

*Shell Oil Co. v. Richter*,
 52 Cal.App.2d 164 (1942)...................................................................17

*Singh v. Wash. Mut. Bank*,
 2009 WL 2588885 (N.D. Cal. 2009)..................................................14

*St. James Church of Christ Holiness v. Superior Court*,
 135 Cal.App.2d 352 (1955).................................................................17

*Surf & Sand, LLC v. City of Capitola*,
 2008 WL 2225684 (N.D. Cal. May 28, 2008) ....................................8

*Teselle v. McLoughlin*,
 173 Cal.App.4th 156 (2009)...............................................................17

*Tina v. Countrywide Home Loans, Inc.*,
 2008 WL 4790906 (S.D. Cal. 2008)...................................................12

**STATUTES**

12 U.S.C.
 § 2601..................................................................................................13
 § 2605(i)(3)..........................................................................................13
 § 2605(e)(1)(A).....................................................................................13
 § 2605(f)............................................................................................13, 14
 § 2607(d)...........................................................................................12, 13
 § 2608(b)..............................................................................................13
 § 2614..................................................................................................12

15 U.S.C.
 §1692(E)...............................................................................................11
 § 1692a(6).............................................................................................11

28 U.S.C.
 § 2201...............................................................................................7, 8
 § 2202.....................................................................................................7

Cal. Bus. & Prof. Code
 § 17200.................................................................................................14
 § 17203.................................................................................................15

Cal. Civ. Code
  § 47 ................................................................................................... 10
  § 1788.2(c) ........................................................................................ 11
  § 2923.6 .............................................................................................. 9
  § 2924 ............................................................................................. 7, 9
  § 2924(a)(1) ...................................................................................... 10
  § 2924(a)(3) ...................................................................................... 10

Cal. Civil Code
  § 2924(d)(1) ...................................................................................... 10

Cal. Code Civ. Proc.
  § 337 ................................................................................................. 16

Cal. Penal Code 532f(a)(4) ................................................................ 15

**OTHER AUTHORITIES**

5 Witkin, Cal. Procedure, Pleading (5th ed. 2008) § 819 ....................... 17

Fed. R. Civ. P. 8(a) ............................................................................... 3

<u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

<u>**SECOND AMENDED COMPLAINT**</u>

**PLEASE TAKE NOTICE** that on January 23, 2012, 2011 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Harborview Mortgage Loan Trust 2006 5, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP and RECONTRUST COMPANY, N.A., will and hereby do move for an order dismissing Plaintiff's Second Amended Complaint and all of the claims asserted in this action on the basis that each fails to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the accompanying request for judicial notice, the Second Amended Complaint, and all other pleadings and records on file in this action, and upon such other argument as may be presented at the hearing on this motion.

This motion is made following conference of counsel that occurred on November 14, 2011 and again on November 28, 2011 pursuant to L.R. 7-3.

DATED: December 8, 2011

SEVERSON & WERSON
A Professional Corporation

By:  *Wendy L. Miele*
Wendy L. Miele

Attorneys for Defendants
AMERICA'S WHOLESALE LENDER;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for the Harborview
Mortgage Loan Trust 2006-5;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
BANK OF AMERICA, N.A., successor by
merger to BAC Home Loans Servicing, LP;
and RECONTRUST COMPANY, N.A.

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

Defendants respectfully submit the following Memorandum of Points and

3  Authorities in support of their Motion to Dismiss Plaintiff's Second Amended

4  Complaint ("SAC").

5

## **I.**

6

## **INTRODUCTION**

7

In April 2006, Plaintiff borrowed $630,000 to refinance his home loan.  Four

8  years later, he defaulted.  Now, he seeks to avoid re-paying what he owes based on the

9  flawed theory that Defendants purportedly have no legal authority to foreclose on the

10  home because the loan was allegedly improperly securitized.

11

The Deed of Trust that Plaintiff signed authorizes those actions that Plaintiff

12  now challenges.  Further, Bank of America offered Plaintiff a permanent loan

13  modification at least two times, and Plaintiff rejected the terms.

14

As a threshold matter, Plaintiff's suit is over before it even begins.  First, to

15  attack a foreclosure sale, a plaintiff must tender, or at least allege the ability to tender,

16  the total amount due under the loan.  Here, Plaintiff has not done so and, therefore,

17  lacks standing to bring the instant action.

18

Additionally, each claim in the SAC is fatally flawed.  Plaintiff's Declaratory

19  Relief claim is a remedy, not an independent cause of action.  It fails because of the

20  bogus theory on which it is based, that Deutsche Bank does not own the interest in

21  Plaintiff's Note or Deed of Trust.  Plaintiff's FDCPA claim fails because foreclosure

22  is not considered debt collection under the Act.  Plaintiff's RESPA claim fails because

23  it is time-barred, and Plaintiff cannot show he was damaged.  Plaintiff's Cal. Civil

24  Code § 17200 fails because it is based on Plaintiff's other flawed claims.  The breach

25  of contract cause of action is time-barred, and the "bad faith" claim fails because it is

26  based on Plaintiff's flawed breach of contract claim.

27

For these reasons, and as more fully discussed below, Defendants' Motion to

28  Dismiss Plaintiff's SAC should be sustained in its entirety with prejudice.

## II.

## PERTINENT FACTS

The facts that Defendants know, through judicially noticeable documents and admissions in the Complaint, are as follows.

The lawsuit concerns real property located at 2472 Leaflock Avenue, Westlake Village, California 91361 ("Subject Property").  SAC, ¶1.

### A.    Loan History

On April 23, 2006, Plaintiff borrowed $630,000 from Countrywide Home Loans, Inc. dba America's Wholesale Lender to refinance his loan for the Subject Property ("the Loan").  SAC, ¶¶1&15; RJN, Ex. A.

In view of Plaintiff's default on the Loan, a Notice of Default was recorded on November 1, 2010 in the Official Records for Ventura County.  RJN, Ex. B; SAC, ¶16.

On November 5, 2010, a Substitution of Trustee and Assignment of Deed of Trust was recorded in which ReconTrust was substituted as the trustee and Deutsche Bank National Trust Company, as trustee for the Harborview Mortgage Loan Trust 2006-5 was assigned the interest in the Deed of Trust.  RJN, Ex. C.

On February 4, 2011, a Notice of Trustee's Sale for the Subject Property was recorded.  RJN, Ex. D.

### B.    Plaintiff's Allegations

Plaintiff admits he signed the Note and Deed of Trust and, therefore, agreed to its terms.  SAC, ¶15.  Despite the Deed of Trust expressly stating that the Note or partial interest in the Note (together with the Deed of Trust) could be sold one or more times, Plaintiff alleges that Defendants improperly attempted to transfer the Loan to a trust in order to securitize it, but failed to do so by the closing date specified in a purported Trust Agreement.  SAC, ¶¶21-23; RJN, Ex. A (Deed of Trust) at ¶20. Plaintiff, however, does not attach a copy of the Trust Agreement or cite to any of its terms that Plaintiff contends were violated.  It is impossible to determine who was a party to the purported Trust Agreement.  Further, Plaintiff, does not allege what

1    standing he has to enforce what Plaintiff terms "the Trust Agreement (a.k.a. the

2    Pooling and Services Agreement).

3         Based on Plaintiff's flawed theory that Defendants failed to properly securitize

4    the Note and Deed of Trust, Plaintiff contends that Defendants have no standing to

5    foreclose on the Property, and no standing to collect mortgage payments.  SAC, ¶¶25-

6    27 & 29.  Plaintiffs admit they owe money on their mortgage obligation, but

7    incredibly contend they do not know who to pay or what amount.  SAC, ¶¶32 & 38.

8                                   **III.**

9       **LEGAL AUTHORITY FOR MOTION TO DISMISS**

10        A motion to dismiss tests the legal sufficiency of the claims alleged in the

11   complaint.  *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998).

12   Federal Rule of Civil Procedure, Rule 8(a) provides the pleading standard applicable

13   to a complaint.  As the Supreme Court reiterated recently, Rule 8(a) "demands more

14   than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

15   *Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A complaint cannot simply "leave open the

16   possibility that a plaintiff might later establish some 'set of undisclosed facts' to

17   support recovery." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 561 (2007).  To avoid

18   dismissal under Rule 8(a), a complaint must include "enough facts to state a claim to

19   relief that is plausible on its face."  *Id*. at 547.  Stated differently, a plaintiff must

20   plead sufficient facts "to provide the 'grounds' of his 'entitlement to relief,' [which]

21   requires more than labels and conclusions, and [for which] a formulaic recitation of

22   the elements of a cause of action will not do." *Id.* at 555.

23        Although facts properly alleged must be construed most favorably to plaintiff,

24   "conclusory allegations of law and unwarranted inferences are not sufficient to defeat

25   a motion to dismiss." *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d

26   1178, 1181 (9th Cir.).  "[T]he court is not required to accept legal conclusions cast in

27   the form of factual allegations if those conclusions cannot reasonably be drawn from

28   the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.

1994).  Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

## IV.

### PLAINTIFF LACKS STANDING TO CHALLENGE THE FORECLOSURE ABSENT TENDER

Plaintiff's lawsuit is really about preventing foreclosure on the Subject Property. Under California law, a plaintiff is required to allege an actual, full and unambiguous tender of the outstanding balance due on the Loan as a condition precedent to challenging foreclosure. *Karlsen v. Am. Sav. & Loan Ass'n.*, 15 Cal.App.3d 112 (1971).  When a debtor is in default on a home mortgage loan, and a foreclosure is either pending or has taken place, an essential prerequisite to challenging the foreclosure sale is the ability to tender the amount of the indebtedness or cure the default. *FPCI RE-HAB 01 v. E&G Investments, Ltd.*, 207 Cal.App.3d 1018, 1022 (1989).  A court will not grant equitable relief to a plaintiff unless the plaintiff does equity. *See Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578-579 (1984).  The rationale behind the tender rule is that irregularities in foreclosure sale do not damage plaintiff where plaintiff could not redeem the property had sale procedures been proper. *Arnolds Management Corp.*, *supra*, 158 Cal.App.3d at 578.

"The debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Karlsen v. American Savings and Loan Assoc.*, *supra*, 15 Cal.App.3d at 117-118.

> The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete to the transaction.

*Gaffney v. Downey Savings & Loan Assn.*, 200 Cal.App.3d 1154, 1165 (1988).

Here, Plaintiff does not make a credible and unambiguous tender offer.  On the one hand, he contends Plaintiff disputes the amount owed on the Loan, but on the

1  other, are "able to unconditionally tender their obligation."  SAC, ¶¶32 & 39.  Further,

2  Plaintiff admits that he is in default on the Loan.  SAC, ¶16.  Plaintiff, therefore, is

3  required to tender the amount due on the Loan.  Plaintiff has not done so and,

4  therefore, Plaintiff lacks standing to challenge the foreclosure.

## V.

### PLAINTIFF CANNOT CHALLENGE ENFORCEMENT OF THE DEED OF TRUST

#### A.    Defendants Are Entitled To Foreclose And *Gomes* Is Applicable

Despite the "smoke-and-mirror" allegations, the common FAC claim thread is
Defendants' lack of standing to enforce the Note and Deed of Trust.  SAC, ¶1.
Plaintiff's lawsuit, however, completely ignores the ruling in *Gomes* v. *Countrywide
Home Loans*, 192 Cal.App.4th 1149, 1154, fn. 5 (2011), that an action requiring a
foreclosing entity "demonstrate in court that it is authorized to initiate foreclosure" is
prohibited.  "By asserting a right to bring a court action to determine whether the
owner of the Note has [authority] to initiate the foreclosure process, [Plaintiff is]
**attempting to interject the court into this comprehensive nonjudicial scheme**."
*Id.* at 1154 (emphasis added).

*Gomes* also held:  "[b]ecause of the exhaustive nature of this scheme, California
appellate courts have refused to read any additional requirements into the nonjudicial
foreclosure statute."  *Id.* at 1154, quoting *Lane v. Vitek Real Estate Industries Group*,
713 F.Supp.2d 1092, 1098 (E.D. Cal. 2010) (citations) ["It would be inconsistent with
the comprehensive and exhaustive statutory scheme regulating nonjudicial
foreclosures to incorporate another unrelated cure provision into statutory nonjudicial
foreclosure proceedings"].  Plaintiff's faulty "robo-signing" and improper
securitization theories, addressed herein, have no merit with regard to Defendants'
alleged lack of authority to foreclose.  *Gomes* held that:  "nowhere does the statute
provide for a judicial action to determine whether the person initiating the foreclosure
process is indeed authorized and we see no ground for implying such an action."

*Gomes*, *supra*, 192 Cal.App.4th at 1154.  Plaintiffs should not interject this Court into this non-judicial foreclosure matter.

Even assuming for the sake of argument that any transfer of the note and deed of trust was unauthorized or improper, Plaintiffs cannot establish a prejudice to them as a consequence.  Plaintiffs are required to demonstrate that the alleged imperfection in the foreclosure process is somehow prejudicial to her.  *Fontenot*, *supra*, 198 Cal.App.4th at 272.  The *Fontenot* Court explained that even if authority for the assignment was lacking, "the true victim" wouldn't be the borrowers, but rather, the original lender:

> Even if MERS lacked authority to transfer the note, it is difficult to conceive how plaintiff was prejudiced by MERS's purported assignment, and there is no allegation to this effect.  Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor.  As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note.  Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note, nor that the original lender would have refrained from foreclosure under the circumstances presented.  If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note.

*Id*.  Plaintiff cannot overcome this obstacle.

A plaintiff seeking to challenge a foreclosure must show prejudice resulting from procedural deficiency.  *Knapp v. Doherty*, 123 Cal.App.4th 76 (2004).  The Court of Appeal reiterated this in *Aceves v. U.S. Bank, N.A.*, 192 Cal.App.4th 218 (2010) in which the court found a notice of default defect to be inconsequential because the Plaintiff did not suffer any prejudice as a result of the error.  Plaintiff admits he borrowed money and does not deny he defaulted.  It is irrelevant to whom he might owe the money as he admits he owes it.

## B.   Plaintiff's Improper Securitization Theory Fails

To the extent Plaintiff is challenging the Loan securitization agreement terms, he has no standing to assert any rights under the Trust Agreement because he is not an

1  investor of the loan trust.  *Bascos v. Federal Home Mort. Corp.*, 2011 WL 3157063,

2  *6 (S.D. Cal. 2011).  Thus, whether or not the Note was properly endorsed and

3  transferred, is irrelevant because even if his unsubstantiated allegations were even

4  true, he cannot state any viable legal claim to enforce the Trust Agreement.

5  **C.    The Assignment Is Valid**

6  Plaintiff's contention that the Assignment is invalid because MERS allegedly

7  didn't really sign it is wrong.  SAC, ¶28; RJN, Ex. C.  The allegation is based on

8  popular internet fodder related to the "robo signing" theory, which has no legal validity

9  at all as verification is not a part of the Cal. Civ. Code §§ 2924 *et seq.* which is a

10 "comprehensive statutory framework established to govern non-judicial foreclosure

11 sales . . . intended to be exhaustive."  *Moeller v. Lien*, 25 Cal.App.4th 822, 834 (1994).

12 The SAC provides no facts to support the conclusion, "T. Sevillano" is a "robo-signer,"

13 acting without authority.

14
15 **VI.**

16 **PLAINTIFF'S FIRST CLAIM FOR DECLARATORY RELIEF AGAINST
   ALL DEFENDANTS FAILS**

17 Plaintiff makes the following allegations in the SAC against Defendants, none

18 of which supports a viable claim for Declaratory Relief:

19 •  Deutsche Bank, which was assigned an interest in the Deed of Trust, does
20     not have a security interest in the Subject Property because, at the time the
       Loan was originated, America's Wholesale Lender allegedly sold the
21     Note to entities other than Deutsche Bank in an effort to securitize the
       Loan.  RJN, Ex. C (Assignment); SAC, ¶¶25, 43.
22 •  MERS' attempt to assign the interest in the Deed of Trust to Deutsche
       Bank is invalid and fraudulent because:
23     -  MERS did not transfer the Note to the Harborview Trust
24        before the closing date indicated in the Prospectus in
          violation of §2.01 of the Pooling and Servicing
          Agreement.  SAC, ¶¶22, 23, 27 & 28.
25     -  MERS has no legal authority to do so.  SAC, ¶¶28 & 43.

26 **A.    Declaratory Relief Claim Is Only Remedial**

27 Under federal law, declaratory relief is not an independent cause of action, but

28 only a remedy.  28 U.S.C. §§ 2201, 2202.  A claim for declaratory relief "rises or falls

1    with [the] other claims." *See Surf & Sand, LLC v. City of Capitola*, 2008 WL 2225684,

2    at *2, n.5 (N.D. Cal. May 28, 2008).  In seeking declaratory relief, a plaintiff must

3    satisfy a two-part test under the Declaratory Judgment Act demonstrating that declara-

4    tory relief is appropriate.  28 U.S.C. § 2201.  The court must first decide if an actual

5    case or controversy exists; then, the court must also decide whether to exercise jurisdic-

6    tion.  *Maryland Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273 (1941); *Marin v.*

7    *Lowe*, 8 F.3d 28 (9th Cir. 1993).  Unless an actual controversy exists, the district court

8    is without power to grant declaratory relief.  *Am. States Ins. Co. v. Kearns*, 15 F.3d

9    142, 143 (9th Cir. 1994).  Here, no actual controversy exists among the parties, as

10   Plaintiff's allegations are not supported by fact or law, as discussed below.

11           **B.        There Is Nothing Improper About Securitizing The Note**

12           Plaintiff alleges that the interest in the Note and Deed of Trust were securitized,

13   and Deutsche Bank could not have acquired said interests by assignment.  First, the

14   Deed of Trust expressly states, in pertinent part, as follows:

15           **20.  Sale of Note;**

16           The Note or a partial interest in the Note (together with
         this Security Instrument) can be sold one or more times
17       without prior notice to Borrower.

18   RJN, Ex. A, ¶20 at p. 11 of 14.

19           By signing the Deed of Trust, Plaintiff authorized the very transfer that he now

20   challenges.  Third, "[t]he argument that parties lose their interest in a loan when it is

21   assigned to a trust pool has also been rejected by many district courts."  *Lane v. Vitek*

22   *Real Estate Industries Group*, 713 F.Supp.2d 1092, 1099 (2010), citing *Benham v.*

23   *Aurora Loan Services*, 2009 WL 2880232 at *3 (N.D. Cal. 2009) ("Other courts …

24   have summarily rejected the argument that companies like MERS lose their power of

25   sale pursuant to the deed of trust when the original promissory note is assigned to a

26   trust pool."); *see also Mulato v. WMC Mortg. Corp.*, 2010 WL 1532276, at *2

27   (N.D. Cal. 2010) (rejecting Plaintiff's claim that securitization of her mortgage note

28   deprived defendants of standing to foreclose).

1   These decisions are more than just precedent – they make practical sense.  If the

2   exhaustive framework that governs non-judicial foreclosure sales (Civil Code § 2924 *et*

3   *seq.*) does not require possession of the original promissory note, *and* it expressly

4   contemplates the possibility of allowing others to act on behalf of the beneficiary when

5   foreclosing, it defies reason that securitizing a loan could in any way be improper.

6   Fourth, there is no private right of enforcement of the PSA that Plaintiff alleges

7   Defendants purportedly violated.  SAC, ¶22.  The PSA concerns the duty owed by a

8   loan servicer to parties in a loan pool.  Plaintiff does not, and cannot, allege that he is

9   either a loan servicer or a party in a loan pool.  *See* Cal. Civ. Code § 2923.6;

10  *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177 (N.D. Cal. 2009).

11  **C.     MERS Has Legal Authority**

12  Both contract and statute allow MERS to foreclose on behalf of the lender.  The

13  Deed of Trust identifies MERS as "a separate corporation that is acting solely as a

14  nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary

15  under this Security Instrument."  RJN, Ex. A at p. 2.  The Deed of Trust that Plaintiff

16  signed further states:  "The beneficiary of this Security Instrument is MERS (solely as

17  nominee for Lender and **Lender's successors and assigns**) and the successors and

18  assigns of MERS."  RJN, Ex. A at p. 3.

19          Borrower understands and agrees that MERS holds only
20          legal title to the interests granted by Borrower in this
            Security Instrument, but, if necessary to comply with law
21          or custom, MERS (as nominee for Lender and Lender's
            successors and assigns) has the right to exercise any or all
22          of those interests, including, but not limited to, the right to
            foreclose and sell the Property, and to take any action
23          required of Lender including, but not limited to, releasing
            and canceling this Security Instrument.

24  *Id.*

25  No California statute or case law prohibits a lender from designating its

26  nominee as beneficiary of the deed of trust securing its loan.  Indeed, MERS'

27  authority to act as nominee beneficiary and commence non-judicial foreclosure under

28  a deed of trust has been confirmed by recent decisions.  *Gomes v. Countrywide Home*

1   *Loans, Inc.*, 192 Cal.App.4th 1149 (2011) (Held: MERS was authorized to initiate

2   foreclosure proceedings under a deed of trust.).  The court in *Gomes* points out that

3   the deed of trust, which Gomes attached to his complaint, established as a factual

4   matter that his claim lacked merit.  As stated in the deed of trust, Gomes agreed **by**

5   **executing that document** that MERS had the authority to initiate a foreclosure.

6   Specifically, Gomes agreed that "MERS (as nominee for Lender and Lender's

7   successors and assigns) has ... the right to foreclose and sell the Property."  Gomes'

8   agreement that MERS has the authority to foreclose precluded him from pursuing a

9   cause of action premised on the allegation that MERS does not have the authority to

10  do so.  *Gomes, supra,* 192 Cal.App.4th at 1157.

11          In short, MERS, in its capacity as nominee of the lender and the lender's

12  successor's and assigns, has authority to substitute a trustee on behalf of the lender

13  and assign the interest in the Deed of Trust.  RJN, Ex. A, ¶24 at p. 14.  Thus,

14  Plaintiff's contention that Defendants have no standing to foreclose is baseless.

15          **D.    Plaintiff Fails To Allege Tender**

16          First, Plaintiff has not and cannot allege that the Deed of Trust that Plaintiff

17  signed is void because of Defendants' purported fraudulent conduct.  Recordation of a

18  Notice of Default and a Notice of Trustee's Sale are absolutely privileged acts on

19  which no tort claim of any sort, other than malicious prosecution, may be based.  Cal.

20  Civil Code § 2924(d)(1) provides that "[t]he mailing, publication and delivery of

21  notices as required by this section constitute privileged communications pursuant to

22  Section 47."  Notice of sale and default are required by section 2924(a)(1) and (3);

23  hence, issuing these notices is privileged conduct under Civil Code section 47.

24          Second, case law has held that among the few instances where it would be

25  inequitable to require tender is where the Plaintiff is challenging the validity of the

26  underlying debt.  "If plaintiffs' action attacks the validity of the underlying debt, a

27  tender is not required since it would constitute an affirmation of the debt."  *Onofrio v.*

28  *Rice*, 55 Cal.App.4th 413, 424 (1997).  Here, Plaintiff does not challenge the validity

of the debt, but is simply attempting to weasel out of repaying the Loan by the terms to which he agreed.  Therefore, pursuant to *FPCI RE-HAB 01 v. E&G Investments, Ltd.*, *supra,* 207 Cal.App.3d at 1022, Plaintiff is required to cure his default as a condition precedent to bringing this lawsuit.  He has not done so and, therefore, the entire SAC fails for this reason alone.

### VII.

### PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF 15 U.S.C. §1692(E) AGAINST DEUTSCHE FAILS

Plaintiff alleges that Deutsche violated the Fair Debt Collection Practices Act ("FDCPA"), which regulates activities of "debt collectors."  Plaintiff alleges that Defendants have fraudulently alleged their ability to enforce "Plaintiff's debt obligation" which they had no legal interest.  SAC, ¶59.  Notwithstanding Defendants' arguments above, which are incorporated herein by reference, the FDCPA does not apply to Deutsche because the FDCPA specifically **excludes** creditors collecting <u>their own</u> consumer debts and the creditor's officers or employees collecting debts on the creditor's behalf.  15 U.S.C. § 1692a(6) (emphasis added).

For FDCPA purposes, a "debt collector" is defined to mean a person who regularly collects debts owed to another person.  15 U.S.C. § 1692a(6).  Therefore, as a threshold matter for establishing a claim under FDCPA, a plaintiff must allege facts showing that the defendant is a debt collector, who is engaged in the practice of debt collection.  *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193 (2008); Cal. Civ. Code § 1788.2(c); see also *Arikat v. JP Morgan Chase & Co.*, 430 F.Supp.2d 1013, 1026 (N.D. Cal. 2006); *Gardner v. American Home Mortgage Servicing, Inc.*, 691 F.Supp.2d 1192, 1199 (E.D. Cal. 2010).  The "activity of foreclosing on [a]

property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA.[1]  Here, Plaintiff cannot allege that Deutsche is a "debt collector."

Third, Plaintiff makes conclusory assertions challenging the validity of the underlying debt alleging that Defendants' interest in the Loan is invalid, which is insufficient to support a viable FDCPA claim.  *See Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008).  Plaintiff has failed to allege the purported fraudulent means by which Defendants attempted to collect mortgage payments.  Therefore, Plaintiff's claim fails as against Deutsche.

## VIII.

### PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF RESPA AGAINST BAC FAILS

Plaintiff's Real Estate Settlement Practices Act ("RESPA") claims against BAC only are based upon the purported March 10, 2011 "Qualified Written Request" ("QWR") that Plaintiff contends is subject to RESPA.  SAC, ¶69.  Plaintiff contends that BAC did not respond to the request, but only provided a copy of the Note and Deed of Trust.  Plaintiff does not state a viable claim for the reasons discussed below.

### 1.    Claim Is Time-Barred

As a threshold matter, Plaintiff's claim is time-barred.  A RESPA claim based on payment for no services in violation of 12 U.S.C. § 2607 must be brought within one year of the violation.  12 U.S.C. § 2614; *see also Edwards v. First Am. Corp.*, 517 F.Supp.2d 1199, 1204 (C.D. Cal. 2007); *Blaylock v. First Am. Title Ins. Co.*, 504 F.Supp.2d 1091, 1106 (W.D. Wash. 2007).  Here, the Loan for the Subject

---

[1]  *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *6 (S.D. Cal. 2008), quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002); see also *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. 2009) (same); *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008) (same); *San Diego Home Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, at *1 (S.D. Cal. 2008) (same); *Caligiuri v. Wells Fargo Bank, N.A.*, 2008 WL 219613, at *2 (D. Or. 2008) (same); *Miller v. Northwest Trustee Servs., Inc.*, 2005 WL 1711131, at *3 (E.D. Wash. 2005) (same); *Gamboa v. Trustee Corps*, 2009 WL 656285, at *4 (N.D. Cal. 2009) ("the law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDC[P]A.").

1  Property was consummated on or about April 23, 2006.  RJN, Ex. D.  Thus, any

2  challenged fee was paid and disclosed at that time.  Plaintiff filed this suit in

3  August 2011, many years later.  The RESPA claim is, therefore, time-barred.

4
5  **2.    Plaintiff's Claim Does Not Fall Within Enumerated Wrongful Acts**

6       RESPA (12 U.S.C. § 2601 *et seq.*) creates private rights of action to redress

7  only three types of wrongful acts:  (1) payment of a kickback for real estate settlement

8  services (12 U.S.C. § 2607(d)); (2) requiring a buyer to use a title insurer selected by

9  the seller (12 U.S.C. § 2608(b)); and (3) failure by a loan servicer to give proper

10  notice of a transfer of servicing rights or to respond to a QWR for information about a

11  loan (12 U.S.C. § 2605(f)).

12       Plaintiff's RESPA claim is based on the bogus theory that Defendants do not

13  own the Loan and, therefore, Plaintiff does not know to whom he should make

14  mortgage payments.  FAC, ¶71.  Plaintiff already had access to the information he

15  purportedly requested in his "QWR" in the form of the Notice of Default, Notice of

16  Trustee's Sale and Corporation Assignment, which stated the amount owing and to

17  whom.  RJN, Exhibits B, D & D.

18       With respect to Plaintiff's claim that BAC allegedly failed to respond to a

19  QWR, Plaintiff provides no details, including how he was damaged.  As one court

20  explained, "RESPA does not require a servicer to respond to any question that a

21  borrower may ask."  *DeVary v. Countrywide Home Loans, Inc.*, 2010 WL 1257647,*9

22  (D. Minn. 2010).  "Under RESPA, loan servicers are only required to respond to any

23  "qualified written request from the borrower ... for information relating to the

24  servicing of [his] loan.…"  *Id.*, quoting 12 U.S.C. § 2605(e)(1)(A).  The statute

25  defines "servicing" as:

26       receiving any scheduled periodic payments from a
       borrower pursuant to the terms of any loan . . . and
27       making the payments of principal and interest and such
       other payments with respect to the amounts received from
28       the borrower as may be required pursuant to the terms of
       the loan.  12 U.S.C. § 2605(i)(3).

1    Further, merely alleging a RESPA violation based on failure to respond to a

2  QWR does not state a viable cause of action.  There must also be a specific averment

3  of pecuniary damages.  *See Reynoso v. Paul Fin., LLC*, 2009 WL 3833298, *7 (N.D.

4  Cal. 2009) ("section 2605(f) [of RESPA] require[s] a showing of pecuniary damages

5  in order to state a claim" and mere "conclusory" allegations is insufficient); *Singh v.*

6  *Wash. Mut. Bank*, 2009 WL 2588885, *5 (N.D. Cal. 2009) (dismissing RESPA claim

7  because the plaintiffs failed to allege any actual damages resulting from the failure to

8  respond to their QWR).  Here, Plaintiff simply alleges that he "suffered damages in an

9  amount to be proven at trial."  SAC, ¶75.  As such, Plaintiff does not and cannot state

10  a claim for a RESPA violation, and the instant motion to dismiss should be granted.

## IX.

### PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §17200 AGAINST DEUTSCHE AND BAC FAILS

#### A.    No Prohibited Practices Alleged

15    Plaintiff's claim for violation of unfair competition law ("UCL") identifies no

16  prohibited practice or unfair competition.  By proscribing "any unlawful business

17  practice," section 17200 "borrows" violations of other laws and treats them as

18  unlawful practices that the unfair competition law makes independently actionable.

19  *Puentes v. Wells Fargo Home Mortgage, Inc*., 160 Cal.App.4th 638, 643-644 (2008).

20    A complaint fails to state a viable claim under the UCL for an unlawful

21  business practice unless it alleges facts sufficient to establish that the challenged

22  business practice violated some law other than the UCL.  Because section 17200

23  requires an underlying violation of law, a defense to a claim is a defense to the alleged

24  violation of the UCL.  *See Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164,

25  178 (2001) [the viability of a UCL claim stands or falls with the antecedent

26  substantive causes of action].

27    Here, Plaintiff alleges Defendants committed acts of unfair competition by

28  engaging in the acts and the violations that Plaintiff re-alleges from the SAC's earlier

1   claims.  SAC, ¶¶80-90.  As explained above, however, Plaintiff's other claims fail.
2   Plaintiff also vaguely alleges that Defendants are liable for other purported violations
3   in which Plaintiff only lists the statute, but does not describe how Defendants violated
4   said statutes (i.e., Cal. Penal Code 532f(a)(4) – mortgage fraud for recording a false
5   document).  SAC, ¶82.

6        **B.**    **Plaintiff Cannot Show Entitlement To Any Remedies Sought**

7        Plaintiff's claim under the UCL also fails because he cannot show he is entitled
8   to the available remedies under the statute.  "The UCL limits the remedies available
9   for UCL violations to restitution and injunctive relief...."  *Madrid* v. *Perot Systems*
10  *Corp.*, 130 Cal.App.4th 440, 452 (2005).

11       Restitution means to "restore to any person any money or property, real or
12  personal, which may have been acquired by means of such unfair competition."  Cal.
13  Bus. & Prof. Code § 17203.  For restitution to be available, the "offending party must
14  have obtained something to which it was not entitled and the victim must have given
15  up something which he or she was entitled to keep."  *Day v. AT&T Corp.*, 63
16  Cal.App.4th 325, 340 (1998).  Only those plaintiffs that can demonstrate that they are
17  entitled to this quite specific form of remedy can bring a UCL claim – whether for
18  unfair, unlawful or fraudulent activities, and whether they seek restitutionary relief
19  itself or an injunction.  Here, Plaintiff does not allege he paid anything to Defendants
20  as a result of their allegedly wrongful activities.  Even if he did, such a payment would
21  have not been "wrongfully taken" from Plaintiff as he owed the money due on his
22  loan regardless of any alleged defect in the foreclosure proceedings.  There is, thus,
23  nothing to restore to Plaintiff.

24       Plaintiff also lacks standing to seek an injunction or otherwise challenge the
25  foreclosure sale because he has not tendered his undisputed obligation.  *See*
26  *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996), emphasis added
27  (explaining that the tender rule applies to "<u>any</u> cause of action for irregularity in the
28  sale procedure").  The tender rule is strictly applied.  *Nguyen v. Calhoun*, 105

Cal.App.4th 428, 439 (2003).

Here, Plaintiff fell behind on his loan payments, and the Subject Property will be sold at a foreclosure sale if the loan is not brought current. As such, there is no money to restore to Plaintiff. Plaintiff, therefore, lacks standing to sue under the UCL. Therefore, Defendants' Motion to Dismiss should be granted as to this claim.

## X.

### PLAINTIFF'S FIFTH CLAIM FOR BREACH OF CONTRACT AGAINST DEUTSCHE AND BAC FAILS

Plaintiff alleges that Defendants breached the Deed of Trust by allegedly failing to apply payments in the order of priority set forth in Section 2, which resulted in improper fees and taxes being added to the balance of the Loan. SAC, ¶107. Plaintiff alleges that he was not aware of said breach because Defendants allegedly fraudulently concealed this from Plaintiff. SAC, ¶114. Plaintiff's claim fails for the reasons discussed below.

#### 1.    Claim Is Time-Barred

First and foremost, Plaintiff's claim is barred by the four-year statute of limitations for bringing a breach of contract cause of action. Cal. Code Civ. Proc. § 337. Plaintiff admits he signed the Deed of Trust in **April 2006**, and he filed this lawsuit in **2011**, **which is too late.** Further, Plaintiff cannot escape the statute of limitations by invoking the "discovery rule" as he has not pleaded facts showing its applicability. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 807 (2005) (explaining that the "discovery rule" postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action). *Id.* at p. 808.

> In order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that the claim would be barred [by the statute of limitations] without the benefit of the discovery rule must specifically plead facts to show: (1) the time and manner of discovery; and (2) the inability to have made earlier discovery despite reasonable diligence.

1    *Id.* at p. 808.

2        "In assessing the sufficiency of the allegations of delayed discovery, the court

3    places the burden on the plaintiff to 'show diligence'; conclusory allegations will not

4    withstand demurrer."  *Id.*

5        Here, Plaintiff vaguely alleges a dispute over the amount owed on the Loan, and

6    he does not allege the time and manner of discovery for the benefit of the discovery

7    rule.  Therefore, Plaintiff's claim is time-barred as he has not fulfilled his burden of

8    pleading facts to show he is entitled to the benefit of the discovery rule.

9                    **2.    Plaintiff Is Not Owed an Accounting**

10       Second, Plaintiff also seems to allege he is somehow owed an accounting,

11   which is a sub-claim of the breach of contract claim.  Accounting "is not an

12   independent cause of action but merely a type of remedy and an equitable remedy at

13   that."  *Batt v. City & County of San Francisco*, 155 Cal.App.4th 65, 82 (2007) (citing

14   *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168 (1942)).  Plaintiff has not alleged any

15   basis for recovery of that form of equitable relief.  The request for an accounting is not

16   a valid cause of action by itself.  Plaintiff's accounting claim fails because he has not

17   and cannot allege that a balance would be due.  *St. James Church of Christ Holiness v.*

18   *Superior Court*, 135 Cal.App.2d 352, 359 (1955).  Plaintiff is operating under the

19   flawed notion that he can sue to force Defendants to provide an "accounting"

20   allegedly of the "amount of money Defendants owe to Plaintiff" before Defendants

21   can commence foreclosure.  This is not the way the law works.  Accounting is only a

22   valid claim where the defendant owes the plaintiff money—not the other way around.

23   *See Teselle v. McLoughlin*, 173 Cal.App.4th 156,179 (2009) (citing *Brea v.*

24   *McGlashan*, 3 Cal.App.2d 454, 460 (1934)); 5 Witkin, Cal. Procedure, Pleading (5th

25   ed. 2008) § 819, p. 236.  Here, the amount Plaintiff owes Defendants is stated in the

26   Notice of Default and the Notice of Trustee's Sale.  RJN, Exs. B & D.  Therefore,

27   Plaintiff's claim is illogical and fails to state facts to constitute a cause of action, and

28   the Motion to Dismiss should be granted.

**XI.**

**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DEUTSCHE AND BAC FAILS**

Plaintiff alleges that Deutsche Bank and BAC are liable for the breach of the implied covenant of good faith and fair dealing for the purported reasons alleged in their Breach of Contract claim.  Notwithstanding the above, Plaintiff has not alleged a violation of a duty independent of the contract:

> [A] party's contractual obligation may create a legal duty and that a breach of that duty may support a tort action.  We stated, "[C]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law.  [Citation.]"  (*Ibid.*)

"Tort recovery for breach of the [implied] covenant [of good faith and fair dealing] is available only in limited circumstances, generally involving a special relationship between the contracting parties…."  *Bionghi v. Metro Water Dist.*, 70 Cal.App.4th 1358, 1370 (1999); *see also Careau & Co. v. Security Pac. Bus. Credit*, 222 Cal.App.3d 1371, 1399 (1990) ("the recognition of a tort remedy for a breach of the implied covenant in a noninsurance contract has little authoritative support…. [Most courts] ha[ve] rejected the recognition of a special relationship between specific contracting parties"); *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) ("Generally [under California law], no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'").

There is nothing special about an ordinary loan and no special relationship arises from such an arms-length transaction between a lender and a borrower.  *See Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 979 (1993) ("the relationship of a bank-commercial borrower does not constitute a special relationship for the purposes of the covenant of good faith and fair dealing"); *see also Oaks Mgmt Corp. v. Superior Court*, 145 Cal.App.4th 453, 466 (2006); *Nymark v. Heart Fed. Savings & Loan Ass'n.*, 231 Cal.App.3d 1089, 1093, fn. 1 (1991) ("[t]he relationship between a lending

institution and its borrower-client is not fiduciary in nature."); *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476-477 (1989); *Downey v. Humphreys*, 102 Cal.App.2d 323, 332 (1951) ("A debt is not a trust and there is not a fiduciary duty relation between debtor and creditor as such.").  Therefore, Plaintiff fails to plead any facts suggesting that a special relationship existed as between Plaintiff and Defendants.

Additionally, "[i]t is universally recognized that the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract."  *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 373 (1992).  The implied covenant cannot be stretched to prohibit a party from doing that which the agreement expressly permits.  *Id.* at pp. 374-375. The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."  *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004).  Here, Plaintiff does not deny that he was in default on the Loan.  Therefore, Plaintiff's claim is fatally defective, and Defendants' Motion to Dismiss the claim should be granted.

## XII.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court grant this Motion to Dismiss in its entirety, with prejudice, as to all of Plaintiff's causes of action in the SAC.

DATED:  December 8, 2011

SEVERSON & WERSON
A Professional Corporation


By:  *Wendy L. Miele*
     Wendy L. Miele

Attorneys for Defendants
AMERICA'S WHOLESALE LENDER;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for the Harborview
Mortgage Loan Trust 2006-5; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; BANK OF AMERICA, N.A., successor
by merger to BAC Home Loans Servicing, LP;
and RECONTRUST COMPANY, N.A.