O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTILIO ARMENI,<br><br>        Plaintiff(s),<br><br>    v.<br><br>AMERICA'S WHOLESALE LENDER, et al.,<br><br>        Defendant(s). | CASE NO. SACV 11-1317 DOC (SHx)<br><br>**O R D E R GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") (Dkt. 11). After considering the moving, opposing, and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS IN PART and DENIES IN PART the Motion. The Court also GRANTS Defendants' request for judicial notice.

**I.    BACKGROUND**

Plaintiff Attilio Armeni, in his capacity as Trustee of the Armeni Family Trust dated July 23, 1993, filed this suit against America's Wholesale Lender ("AWL") in its capacity as the originating lender, Deutsche Bank National Trust Company ("Deutsche Bank") in its capacity as

purported assignee of Plaintiff's deed of trust, and Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, LP ("BAC"), in its capacity as purported mortgage servicer. On April 23, 2006, Plaintiff executed a $630,000 promissory note, secured by a deed of trust, to finance real property located in Westlake Village, California. Shortly after the origination of his loan, AWL sold the loan. (FAC ¶ 21.) Plaintiff alleges that his loan was never properly assigned and transferred into the HarborView Mortgage Loan Trust 2006-5 ("Harborview Trust"). (*Id.* ¶ 21.) As a result, Plaintiff concludes that the loan was never properly transferred to Deutsche Bank as Trustee of the Harborview Trust, as required by the Trust Agreement (aka the Pooling and Services Agreemen), thereby preventing Defendants from collecting on the note and enforcing the loan. (*Id.* ¶¶ 22-25.) Plaintiff believes that because the copy of the note and deed of trust provided by Defendants does not reflect an endorsement to Deutsche Bank, it was not properly transferred to Deutsche Bank and Deutsche Bank therefore has no right to collect on the loan. (*Id.* ¶ 34.)

Plaintiff alleges that Defendants attempted to cover up their failure to properly assign or transfer the mortgage by executing and filing a fraudulent Assignment of Deed of Trust. (*Id.* ¶ 27.) Plaintiff believes the Assignment was fraudulent because it was robo signed by a person who did not have the corporate authority to sign on behalf of MERS. (*Id.* ¶ 28.) Plaintiff does not dispute that he owes money on the loan, rather, he disputes the amount owed and asks the Court to determine the true creditor of his note and deed of trust. (*Id.* ¶ 32.)

Alternatively, if the Court finds an enforceable security interest in the note or deed of trust on behalf of any Defendant, Plaintiffs allege that Defendants have breached Section 2 of the deed of trust, as well as the implied covenant of good faith and fair dealing, by charging improper fees, miscalculating and misapplying payments to offset principal and interest, and that Defendants have committed various statutory violations, including the Fair Debt Collections Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). (*Id.* ¶ 2.)

## II.   LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

### III. DISCUSSION

#### A. Authority to Collect on Loan

Plaintiff's theory, that Deutsche Bank has no authority to collect on his loan because the transfer of the loan into the Harborview Trust was not done in compliance with the terms of the Trust Agreement, does not give rise to legally cognizable claims.  Plaintiff admits that he is not an investor of the Harborview Trust, or a third party beneficiary of the Trust Agreement, either of which might give him standing to challenge the breach of that agreement (Opp'n at 11). *See Bascos v. Federal Home Loan Mortg. Corp.*, No. CV 11–3968–JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."); *In re Correia*, 452 B.R. 319, 324 (1st Cir.

BAP 2011) (where debtors asked court to declare mortgage assignment invalid based upon breach of Pooling Services Agreement, a contract to which debtors were not a party nor third-party beneficiaries, the court found that debtors lacked standing to object to any breaches of the terms of the PSA).

Because Plaintiff lacks standing to raise alleged breach of the Trust Agreement, to the extent his claims are based on breach of this agreement, the claims fail and Defendants' Motion to Dismiss is GRANTED as to these claims.

### B.     Individual Claims for Relief

#### 1.     Declaratory Relief

A claim for declaratory relief is not a stand-alone claim, but rather depends upon whether or not Plaintiff states some other substantive basis for liability. *See Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3, 98 Cal. Rptr. 2d 661 (2000) (noting that equitable forms of remedy "have no separate viability" if plaintiff's other causes of action fail). Because some of Plaintiff's substantive claims underlying the alleged controversy over who owns Plaintiff's loan survive Defendants' motion to dismiss, Defendant's motion to dismiss Plaintiff's claim for declaratory relief is DENIED.

#### 2.     FDCPA

Plaintiff alleges that Deutsche Bank violated the Fair Debt Collections Practices Act, 15 U.S.C., § 1692(e), because it is a debt collector acting under false pretenses to collect payments on Plaintiffs' loan when they have no legal authority to do so. (FAC ¶¶ 52-54.) Although not listed under the header of this claim, it appears that Plaintiff brings this claim against BAC as well, alleging that BAC engaged in illegal collection activities. (*Id.* ¶ 56.)

In addition to the reasons stated above, this claim fails because Plaintiff's allegations do not demonstrate that either Defendant is a debt collector under the terms of the statute. Under the FDCPA, the definition of a debt collector does not include anyone collecting

a debt where the debt was not in default at the time it was obtained by the person trying to collect. 15 U.S.C. § 1692a(6)(F)(iii). In *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), the Fifth Circuit noted that the "legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."

Plaintiff does not allege that his loan was in default when any Defendant obtained the right to collect payments on the loan. Instead, Plaintiff merely alleges that Deutsche Bank and BAC have no such right. Because there are no allegations of pre-collection default, this claim fails. Yet, at oral argument, Plaintiff's counsel indicated that the loan was actually in default. Plaintiff will have one additional chance to plead this cause of action. Accordingly, Defendants' Motion to Dismiss this claim is GRANTED but Plaintiff's FDCPA claim is DISMISSED WITHOUT PREJUDICE.

### 3. RESPA

Plaintiff alleges that he sent BAC a Qualified Written Response ("QWR") under RESPA, 12 U.S.C., § 2605, requesting the identity and contact information for the creditor on the note, a loan history, accumulated late fees, and the validity of the debt purportedly owed to Deutsche Bank. (FAC ¶¶ 69-71.) In BAC's response, Plaintiff alleges that BAC did not provide contact information for the purported owner of the note. (*Id.* ¶ 72.)

The Court recently considered a nearly identical QWR in *Maria Lindsay, et al. v. America's Wholesale Lender, et al.*, SA CV 11-1303-DOC(MLGx). In that case, the Court concluded that the identical letter sent by plaintiff's counsel, the same counsel here, was not a QWR because it did not contain a statement of reasons for the borrower's belief that the account is in error. *See Lindsay*, Dkt. No. 26 at 6-7. While the letter references fraudulent practices and accounting tricks, alluding to the idea that such practices have affected Plaintiff's loan balance, nowhere in the letter does Plaintiff provide a statement of reasons for his belief that the account

is in error.  Accordingly, Defendants' Motion to Dismiss this claim is GRANTED.

### 4. UCL

Plaintiff alleges that Deutsche Bank and BAC have engaged in unlawful, unfair, and fraudulent business practices, in violation of Cal. Bus. & Prof. Code § 17200, *et seq.* (FAC ¶ 77.) The Unfair Competition Law ("UCL") provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. . . ." Cal. Bus. & Prof. Code § 17200. Because the statute is phrased in the "disjunctive," it is violated when there is an unlawful, unfair, or fraudulent act or practice. *See Prata v. Super. Ct.,* 91 Cal. App. 4th 1128, 1137 (2001). Because Plaintiff's UCL claim is based in fraud - particularly with respect to allegations of robo-signing - Plaintiff must plead with particularity the circumstances constituting the fraud. *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1127 (9th Cir. 2009).

Here, Plaintiff's claims are sufficiently particular to survive the motion to dismiss. Plaintiff alleges that "[o]n October 28, 2011, 'T. Sevillano,' purportedly an 'Assistant Secretary,' for MERS executed the purported Corporation Assignment of Deed of Trust. The Assignment alleges that for 'value received' Mortgage Electronic Registration Systems, Inc. ("MERS") granted, assigned, and transferred to Deutsche Bank National Trust Company, as Trustee for the Harborview Mortgage Loan Trust 2006-5, all beneficial interest in the Deed of Trust, together with the 'money due and to become due thereon with the interest, and all rights accrued or to accrue under said Deed of Trust.' Plaintiff alleges that no such transfer ever occurred, and that 'T. Sevillano' lacked the corporate authority to sign on behalf of MERS and was never an 'Assistant Secretary' for MERS. In fact, Plaintiff further alleges that T. Sevillano is an employee of ReconTrust Company, Inc." Amended Complaint, ¶ 28. This allegation plausibly alleges the date of the fraud, the fraudulent act, and the parties involved in the fraud. This is sufficient to meet even the heightened pleading standard for fraud; in fact, it would be almost impossible for Plaintiff to uncover any additional details of the alleged fraud without the benefit

of discovery. Further, the Court is concerned by the presence of almost identical allegations regarding the same alleged "robo-signer" in a recently filed case by different plaintiffs. *See Chan Y Tang, et al. v. Bank of America, N.A., et al.* (SACV 11-2048 DOC (DTBx)). Accordingly, Defendants' Motion to Dismiss Plaintiff's UCL claim is DENIED.

### 5. Breach of Contract

Plaintiff's breach of contract claim is premised on the theory that Deutsche Bank and BAC breached the deed of trust when they misapplied Plaintiff's payments according to the terms of the deed of trust. (FAC ¶ 107). Plaintiff alleges that this resulted in improper fees and taxes being added to the balance of his loan. (*Id.* ¶ 113.)

To state a claim for breach of contract under California law, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of contract; and (4) resulting damage. *Durell v.Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010). Plaintiff has sufficiently pleaded each of these elements. Plaintiff's deed of trust is the alleged contract (FAC ¶¶ 108-09), Plaintiff alleges that he has substantially performed (¶ 112), Plaintiff alleges that Defendants breached Section 2 of the deed of trust by misapplying payments (¶¶ 113, 115), and Plaintiff alleges that he has been damaged by overpaying on the deed of trust (¶ 116). Accordingly, Defendants' motion is DENIED as to this claim.

### 6. Breach of Implied Covenant

Plaintiff argues that Deutsche Bank and BAC breached the implied covenant of good faith and fair dealing by making it impossible for Plaintiff to carry out his obligations under the deed of trust due to improperly applied payments, resulting in addition of interests and fees, to his account. (FAC ¶ 118.) This allegation contradicts Plaintiff's earlier allegation (FAC ¶ 112) that Plaintiff substantially performed all of the conditions under the deed of trust, including making monthly payments.

Ignoring this contradiction for a moment, "the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1153 (1990). Plaintiff alleges that Defendants' misapplication of payments frustrated his ability to fulfill his obligations under the loan because Defendants' practices caused improper fees and interest to be added to the loan. (FAC ¶ 123.) If Plaintiff amends his contradictory allegations regarding performance, the Court finds he may be able to state a claim for breach of the implied covenant. Accordingly, Defendants' Motion to Dismiss this claim is GRANTED but Plaintiff is granted leave to amend.

## IV. DISPOSITION

For the reasons set forth above, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss. Plaintiff must file any amended complaint by February 13, 2012 but the only claims that are dismissed without prejudice are the claims for breach of implied covenant and breach of FDCPA. Other than that claim, to the extent Defendants' Motion to Dismiss was granted, it was WITH PREJUDICE.

IT IS SO ORDERED.
DATED: January 25, 2012

_____
DAVID O. CARTER
United States District Judge

8