**PROSPER LAW GROUP, LLP**
Gordon F. Dickson, Esq., SBN 136857
Deborah P. Gutierrez, Esq., SBN 240383
Vincent C. Granberry, Esq., SBN 276483
6100 Center Drive, Suite 1050
Los Angeles, California 90045
Telephone:  (310) 893-6200
Facsimile:  (310) 988-2930
Email:      deborah@prosperlaw.com

Attorneys for Plaintiff,
Attilio Armeni, Trustee of the Armeni
Family Trust dated July 23, 1993

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTILIO ARMENI, TRUSTEE OF THE ARMENI FAMILY TRUST DATED JULY 23, 1993, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICA'S WHOLESALE LENDER; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HARBORVIEW MORTGAGE LOAN TRUST 2006-5; BANK OF AMERICA, AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP; and Does 1 – 10, inclusive, <br><br> Defendants. | Case No. SACV11-01317 DOC (SHx) <br><br> **THIRD AMENDED COMPLAINT FOR:** <br><br> 1. **DECLARATORY RELIEF [28 U.S.C. §§ 2201, 2202]** <br> 2. **VIOLATION OF 15 U.S.C. § 1692e, ET SEQ.** <br> 3. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.** <br> 4. **BREACH OF CONTRACT** <br> 5. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> **DEMAND FOR JURY TRIAL** |

THIRD AMENDED COMPLAINT

-1-

1

<u>TABLE OF CONTENTS</u>

2  I.    STATEMENT OF THE CASE...............................................................3

3  II.   JURISDICTION, VENUE, AND PARTIES...........................................4

4  III.  FACTUAL ALLEGATIONS................................................................6

5  IV.   FIRST CAUSE OF ACTION – DECLARATORY RELIEF: TO DETERMINE STATUS OF

6        DEFENDANTS' CLAIMS [28 U.S.C. §§ 2201, 2202].................................11

7  V.    SECOND CAUSE OF ACTION – VIOLATION OF 15 U.S.C. § 1692, ET SEQ.................13

8  VI.   THIRD CAUSE OF ACTION – BUS. AND PROF. CODE SECTION 17200, ET SEQ...........16

9  VII.  FOURTH CAUSE OF ACTION – BREACH OF CONTRACT.............................20

10 VIII. FIFTH CAUSE OF ACTION – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH

11       AND FAIR DEALING...........................................................21

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED COMPLAINT                                                          -2-

## THIRD AMENDED COMPLAINT

COMES NOW Plaintiff Attilio Armeni (in his capacity as Trustee of the Armeni Family Trust dated July 23, 1993) (hereinafter "Plaintiff" or "Mr. Armeni"), by and through his counsel, for his Third Amended Complaint against Defendants, **America's Wholesale Lender** (in its capacity as originating lender); Deutsche Bank National Trust Company, as Trustee for the Harborview Mortgage Loan Trust 2006-5 (in its capacity as purported assignee of Plaintiff's Deed of Trust) (hereinafter "**Deutsche**"); and Bank of America, as Successor by Merger to BAC Home Loans Servicing, LP (in its capacity as purported mortgage servicer) (hereinafter "**BAC Home Loans**"); (collectively "Defendants"), pleads as follows:

## I.   STATEMENT OF THE CASE

1.   On April 23, 2006, Plaintiff executed a promissory note ("Note") in favor of America's Wholesale Lender in the amount of $630,000.00 secured by a deed of trust ("Deed of Trust" or "Mortgage") for the finance of real property located at 2472 Leaflock Avenue, Westlake Village, California 91361.  Subsequently, Defendants' failed attempt to assign or transfer Plaintiff's Note to Deutsche resulted in Defendants' inability to collect on the Note and enforce the Deed of Trust.  Despite Defendants' failure to perfect a security interest, Deutsche and its agents have attempted to collect on this Note and enforce the Deed of Trust with the knowledge that they have no legal right to do so.  In addition to violating the Fair Debt Collection Practices and the Real Estate Settlement Procedures Act, Defendants knowingly concealed their lack of an enforceable security interest by fabricating and recording false documents in the Ventura County Recorder's Office.  Defendants' conduct is not only unfair and fraudulent, but also constitutes a violation of California Penal Code section 532(f)(a)(4).[1]  Through this action, Plaintiff seeks damages resulting from Defendants' unlawful conduct and a

---

[1] Defendants' recording of the Assignment of Deed of Trust violates Cal. Penal Code section 532(f)(a)(4), which prohibits any person from filing a document related to a mortgage loan transaction with the county recorder's office which that person knows to contain a deliberate misstatement, misrepresentation, or omission.

THIRD AMENDED COMPLAINT                                                                          -3-

1   declaratory judgment establishing that Defendants have failed to substantiate a perfected

2   security interest in the Note and Deed of Trust (collectively referred to as "Loan").

3   Simply put, Defendants have no legal, equitable, or pecuniary interest in the Note and

4   Deed of Trust.

5        2.     In the alternative, if the Court finds that any of the Defendants have an

6   enforceable security interest in either the Note or Deed of Trust, Plaintiff maintains that

7   Defendants have breached Section 2 of the Deed of Trust and the Implied Covenant of

8   Good Faith and Fair Dealing, by charging improper fees and miscalculating and

9   misapplying payments to offset both principal and interest, in addition to the statutory

10   provisions listed above.

11   **II.    JURISDICTION, VENUE, AND PARTIES**

12        3.     This Court has original jurisdiction over the claims in this action based on

13   28 U.S.C. §§ 1331, 1343, 15 U.S.C. § 1692, 12 U.S.C. § 2605, and 42 U.S.C. § 1983

14   which confer original jurisdiction on federal district courts in suits to address the

15   deprivation of rights secured by federal law.

16        4.     This Court also has supplemental jurisdiction over the pendant state law

17   claims because they form a part of the same case or controversy under Article III of the

18   United States Constitution, pursuant to 28 U.S.C. § 1367.

19        5.     The unlawful conduct, illegal practices, and acts complained of and alleged

20   in this Complaint were all committed in the Central District of California and involved

21   real property that is located in the Central District of California.  Therefore, venue

22   properly lies in this District, pursuant to 28 U.S.C. § 1391(b).

23        6.     Plaintiff is now, and at all times mentioned herein, an individual residing in

24   the County of Ventura, in the State of California.  At all times relevant to this action,

25   Plaintiff has owned the real property commonly known as 2472 Leaflock Avenue,

26   Westlake Village, California 91361 (the "Property"), further described as Assessor's

27   Parcel Number 696-0-114-295, with the following description:

28   ///

1
2
3
4
LOT 31, OF TRACT NO. 1967-1, IN THE CITY OF
THOUSAND OAKS, COUNTY OF VENTURA, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 49,
PAGES 67 TO 76, INCLUSIVE, OF MAPS, IN THE OFFICE
OF THE COUNTY RECORDER OF SAID COUNTY.

5   7.   At all relevant times, America's Wholesale Lender is a New York corporation

6   with its principal place of business in New York.

7   8.   At all relevant times, Deutsche Bank National Trust Company, as Trustee for

8   the Harborview Mortgage Loan Trust 2006-5, is a national banking association

9   organized under the laws of the United States with its main office in California.

10   9.   At all relevant times, Bank of America is a National Association organized

11   under the laws of the United States with its main office in North Carolina, as successor

12   by merger to BAC Home Loan Servicing, LP, a Texas limited partnership, the members

13   of which are both Nevada LLCs:  BANA LP, LLC and BAC SERVICING GP, LLC.

14   BANA LP, LLC is a Nevada limited liability company and it is a North Carolina citizen

15   based on the citizenship of the "managing member."  BAC SERVICING GP, LLC is a

16   Nevada domestic limited liability company and it is a North Carolina citizen based on

17   the citizenship of its "managing member."

18   10.   Plaintiff is ignorant of the true identity and capacity of Defendants

19   designated as Does 1 - 10, but will amend the Complaint when their identities have been

20   ascertained according to proof within the time permitted.  However, Plaintiff alleges on

21   information and belief, that each and every Doe Defendant is in some manner

22   responsible for the acts and conduct of the other Defendants, and were, and are,

23   responsible for the injuries, damages, and harm incurred by Plaintiff.  Plaintiff further

24   alleges on information and belief that each such designated Defendant acted, and acts, as

25   the authorized agent, representative, and associate of the other Defendants in doing the

26   things alleged herein.

27
28

THIRD AMENDED COMPLAINT                                                                          -5-

11.     Whenever reference is made in this Complaint to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

12.     Any allegation about acts of any corporate or other business Defendant(s) means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

13.     At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint.  Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency if acting as an agent of the other.

14.     At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.  Knowing or realizing that the other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts.  Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

## III.   FACTUAL ALLEGATIONS

15.     On or about April 23, 2006, Attilio Armeni executed a Note and Deed of Trust (hereinafter "Mortgage") in favor of America's Wholesale Lender secured by the Property.

16.     For four years, from April 23, 2006 through April 2010, Plaintiff Armeni performed under Note by remaining current on his monthly Mortgage payments.  It was not until March, 2010 that Mr. Armeni first failed to make his monthly Mortgage payment.

17.    Shortly thereafter, Mr. Armeni applied for a loan modification with Countrywide.  From March 2010 through September 2010, Mr. Armeni repeatedly submitted loan modification packets and hardship affidavits to Countrywide in an effort to obtain a loan modification.  Finally, in September 2010, six (6) months after Mr. Armeni initiated the loan modification process, Countrywide offered him a loan modification that actually *increased* his monthly payment $1,200.00!  Accordingly, Mr. Armeni rejected the offer.

18.    For the next six (6) months Mr. Armeni continued to attempt to negotiate a loan modification.  In January 2011, Plaintiff again applied for a loan modification by submitting a completed loan modification packet.  In March 2011, Mr. Armeni received a loan modification that lowered the monthly payments for the next three years (April 2011 through April 2013), but these payments would be interest only payments that would increase after three years and Plaintiff would not have made any payments on the actual principal.  After the three years of interest only payments, Mr. Armeni's interest rate would increase to 6% and his monthly payment would then balloon to $4,800.00 per month for the remaining life of the Loan.  In light of the fact Mr. Armeni was seeking a more permanent and affordable modification, he was forced to reject this modification as well.

19.    To date, after over a year of negotiations, follow-up phone calls, and resubmitting documents many times over, Plaintiff has still been unable to work out a permanent loan modification.  During the entire loan modification process, Plaintiff has relied on the representations made by the Defendants that Deutsche was his true creditor with the power to collect payment and modify his Loan.  Since then, Plaintiff has learned that none of the Defendants had or have any legal or corporate authority to collect on his loan, service the loan, or make derogatory credit reports against his credit.

20.    On information and belief, Plaintiff alleges that shortly after the origination of his Loan, America's Wholesale Lender sold his Loan to another entity or entities.

21.  Plaintiff's initial investigation has confirmed that there was an **attempt** to securitize the Mortgage by assigning and transferring the Mortgage into the Harborview Mortgage Loan Trust 2006-5 ("Harborview Trust"). *See* **Exhibit "A,"** a securitization flow chart depicting the securitization process.  Plaintiff alleges that the Mortgage was not properly securitized and that his Note and Mortgage were never assigned and transferred to the Harborview Trust.

22.  Plaintiff alleges that the Mortgage was not assigned, transferred, or granted to any of the parties involved in the securitization process.  Specifically, Plaintiff alleges that his Note and Mortgage were never assigned to the Sponsor, Depositor, or Harborview Trust as required by the Trust Agreement (a.k.a. the Pooling and Services Agreement).

23.  Plaintiff alleges that the Mortgage was not properly assigned to the Harborview Trust on or before June 29, 2006, the required "Closing Date," as set forth in the Trust Agreement.  The "Closing Date" is the date by which all of the notes and mortgages must be transferred into the Harborview Trust in order for the mortgage loan to be a part of the trust res.  Documents required pursuant to the Trust Agreement, Section 2.01, were not deposited with the Custodian of Records, and thus failed to properly perfect a security interest in the Mortgage.

24.  In further violation of Section 2.01 of the Trust agreement, Defendants failed to deposit specific documents with the Custodian of Records to complete the assignment and transfer of Plaintiff's Note and Mortgage to the Trust.

25.  Despite this failed attempt to assign, transfer, and grant Plaintiff's Mortgage to Deutsche, Defendants have made numerous attempts to collect on Plaintiff's Mortgage.

26.  Bank of America via BAC Home Loans began servicing and collecting mortgage payments on Plaintiff's Loan on behalf of an undisclosed principal.

1       27.    Defendants attempted to cover-up their failure to properly assign, transfer,
2   or grant Plaintiff's Mortgage by purportedly executing and filing a fabricated
3   Assignment of Deed of Trust.
4       28.    On October 28, 2011, "T. Sevillano," purportedly an "Assistant Secretary,"
5   for MERS executed the purported Corporation Assignment of Deed of Trust.  The
6   Assignment alleges that for "value received" Mortgage Electronic Registration Systems,
7   Inc. ("MERS") granted, assigned, and transferred to Deutsche Bank National Trust
8   Company, as Trustee for the Harborview Mortgage Loan Trust 2006-5, all beneficial
9   interest in the Deed of Trust, together with "the money due and to become due thereon
10  with the interest, and all rights accrued or to accrue under said Deed of Trust."  Plaintiff
11  alleges that no such transfer ever occurred, and that "T. Sevillano" lacked the corporate
12  authority to sign on behalf of MERS and was never an "Assistant Secretary for MERS.
13  In fact, Plaintiff further alleges that T. Sevillano is an employee of ReconTrust
14  Company, Inc.  *See* **Exhibit "B"**, attached hereto is a true and correct copy of T.
15  Sevillano's LinkedIn page.
16      29.    Plaintiff alleges the Harborview Trust does not hold an interest in his Note
17  and Mortgage because the purported Assignment occurred almost one year after the
18  Closing Date of the Harborview Trust.
19      30.    After the initial investigation, on March 10, 2011 Plaintiff's counsel sent a
20  Qualified Written Request ("QWR") to BAC Home Loans in order to verify and
21  validate Mr. Schwartz's debt, pursuant to Real Estate Settlement Procedures Act, 12
22  U.S.C. § 2605(e) in which they requested documentation demonstrating who actually
23  owned Mr. Armeni's Note.  Plaintiff's QWR requested that the servicer provide, among
24  other things, the name, address, name of a contact person and telephone number of the
25  owner of his mortgage Note.  *See* **Exhibit "C"**, attached hereto is a true and correct
26  copy of Plaintiff's Qualified Written Request.  The Dodd-Frank Wall Street Reform and
27
28

1  Consumer Protection Act ("Dodd-Frank Act")[2] requires that the servicer provide an
2  acknowledgement of receipt of the QWR within five days of receipt and to substantively
3  respond within thirty business days of receipt.  On March 15, 2011, BAC Home Loans
4  responded to Plaintiff's request but did not provide the information requested and only
5  attached a Note with no endorsements to Deutsche.  *See* **Exhibit "D"**, attached hereto is
6  a true and correct copy of BAC Home Loans' response to Plaintiff's QWR.
7      31.    On information and belief, Plaintiff alleges that the Harborview Trust that
8  purportedly holds Plaintiff's Note and Deed of Trust has been dissolved.
9      32.    Plaintiff does not dispute that he owes money on his Mortgage obligation.
10  Rather, Plaintiff disputes the amount owed and seeks the Court's assistance in
11  determining who the true creditor is of his Note and Deed of Trust.
12      33.    Plaintiff's information and belief is based on: (1) a title report and analysis
13  of the Property's county records; (2) direct written and oral communication with
14  Defendants; (3) his counsel's research, experience, and extensive review of depositions,
15  case law, amicus briefs, correspondence, news articles, reports, complaints by Attorneys
16  General from various states, and publicly available securitization documents and
17  practices; (4) a review of the purported "Assignment of Deed of Trust," signed by "T.
18  Sevillano"; and (5) an audit of Deutsche's filings with the Securities and Exchange
19  Commission ("SEC"), including Deutsche's 424B5 Prospectus and Pooling and
20  Servicing Agreement ("PSA").

_____

[2] The Dodd-Frank Act was signed into law on July 21, 2010.  The Act amended several statutes including 12 U.S.C. § 2605.  The Act amended 12 U.S.C. § 2605 by shortening the deadline to acknowledge a QWR from fifteen days to only five days and shortening the substantive response deadline from sixty days to thirty days.  There is a fifteen day extension allowed if the borrower is notified of the extension and the reasons for the delay.  In addition, the Dodd-Frank Act requires a servicer of a federally related mortgage to "respond to a QWR within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan." H.R. 4173 section 1463(a).  The Dodd-Frank Act provides available damages to an individual for failing to respond to a QWR request.  Available damages were increased from actual damages plus $1,000.00 to actual damages plus $2000.00.  The Dodd-Frank Act also prohibits various servicing practices and made a few changes to TILA.

34.     In addition, Defendants' provided a certified true and correct copy of Plaintiff's Note and Deed of Trust that did not reflect any endorsements to Deutsche. The lack of any endorsements on Plaintiff's Note and Deed of Trust supports Plaintiff's allegation that his Note was not properly transferred to Deutsche such that Defendants can enforce Plaintiff's obligation and/or collect Plaintiff's mortgage payments.

35.     Plaintiff made payments based on the allegedly improper, inaccurate, and fraudulent representations of Plaintiff's account.

36.     Plaintiff's credit and credit score were severely damaged.

37.     The title to Plaintiff's home has been slandered, clouded, and its salability has been rendered unmarketable.

38.     Plaintiff does not know who the current beneficiary of his Note and Mortgage actually is, such that he is now subject to double financial jeopardy.

39.     Plaintiff has offered to and is ready, willing, and able to unconditionally tender his obligation.[3]

## FIRST CAUSE OF ACTION – DECLARATORY RELIEF: TO DETERMINE STATUS OF DEFENDANTS' CLAIMS [28 U.S.C. §§ 2201, 2202]

### [Against All Defendants and Doe Defendants]

---

[3] Case law makes clear that **Plaintiff is only required to allege a credible offer of tender**, not actually tender. *Alicia v. GE Money Bank*, No C 09-00091 SBA, 2009 WL 2136969 at *3 (N.D. Cal. July 16, 2009) ("…debtor must allege a credible tender of the amount of the secured debt…"). Moreover, tender is *not* required when the owner's action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt. *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11-1658 AHM, 2011 WL 2533029 at *16 (C.D.Cal June 24, 2011) (emphasis added) citing *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997); *Stockton v. Newman*, 148 Cal. App. 2d 558, 564 (1957). *See also Foulkrod v. Wells Fargo Financial California Inc.*, No. CV 11-732-GHK (AJWx) (C.D. Cal. May 31. 2011) ("…requiring plaintiff to tender the amount due on his loan at this time would be illogical and inequitable given that he disputes that Wells Fargo has any rights under the loan."). In light of the fact that Plaintiff contests the legitimacy of the Defendants' claim to the mortgage payments, it would be *illogical and inequitable* to require Plaintiff to actually tender the amount given that Plaintiff disputes whether Defendants have any rights under the loan. *See Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997).

1       40.    Plaintiff hereby incorporates by reference each and every one of the

2   preceding paragraphs as if the same were fully set forth herein.

3       41.    Section 2201(a) of Title 28 of the United States Code states:

4           In a case of actual controversy within its jurisdiction, except

5   with respect to Federal taxes other than actions brought under
        section 7428 of the Internal Revenue Code of 1986, a
        proceeding under section 505 or 1146 of title 11, or in any civil

6           action involving an antidumping or countervailing duty
        proceeding regarding a class or kind of merchandise of a free

7           trade area country (as defined in section 516A(f)(10) of the
        Tariff Act of 1930), as determined by the administering

8           authority, any court of the United States, upon the filing of an
        appropriate pleading, may declare the rights and other legal

9           relations of any interested party seeking such declaration,
        whether or not further relief is or could be sought. Any such

10          declaration shall have the force and effect of a final judgment or
        decree and shall be reviewable as such.

11

12      42.    Section 2202 of Title 28 of the United States Code states:

13          Further necessary or proper relief based on a declaratory

14          judgment or decree may be granted, after reasonable notice and
        hearing, against any adverse party whose rights have been

15          determined by such judgment.[4]

16      43.    Plaintiff alleges that Deutsche does not have a secured or unsecured legal,

17  equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that its

18  purported assignment has no value since the Deed of Trust is wholly unsecured.

19      44.    On October 28, 2010, Defendants claimed they were assigned and

20  transferred a secured enforceable interest in, and a perfected lien against the Plaintiff's

21  Note, Deed of Trust, and Property.

22      45.    Thus, the competing allegations made by Plaintiff and Defendants, above,

23  establish that a real and actual controversy exists as to the respective rights of the parties

24  to this matter, including ownership of the Property.[5]

25

26  ---

    [4] It is axiomatic that a cause of action for declaratory relief serves the purpose of adjudicating

27  *future* rights and liabilities between parties. *See Cardellini v. Casey*, 181 Cal. App. 3d 389 (1986)
[Emphasis added]; *Bachis v. State Farm Mutual Auto. Ins. Co.*, 265 Cal. App. 2d 722 (1968).

28      [5] "Declaratory relief is only appropriate '(1) when the judgment will serve a useful purpose in
clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from

46.    In addition, the harm by Defendants is ongoing and includes the imminent foreclosure of Plaintiff's home.  Therefore, as this claim relates to future harm, Plaintiff's declaratory relief claim is cognizable as an independent cause of action.[6]

47.    Accordingly, Plaintiff requests that the Court make a finding and issue appropriate orders stating that none of the named Defendants or Doe Defendants, have any right or interest in Plaintiff's Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiff's mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever.

48.    Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the parties because:  (1) Plaintiff will be denied the opportunity to identify his true and current creditor/lender and negotiate with them; (2) he will be denied the right to conduct discovery and have Deutsche's claims verified by a custodian of records who has personal knowledge of the Loan and all transactions related to it; and (3) he will be denied the opportunity to discover the true amount he still owes minus any illegal costs, fees, and charges.

49.    Due to the actual case and controversy regarding competing claims and allegations, it is necessary that the Court declare the actual rights and obligations of the parties and make a determination as to whether Deutsche's claims against Plaintiff are enforceable and whether they are secured or unsecured by any right, title, or interest in Plaintiff's Property.

50.    Furthermore, the conduct of Deutsche and/or one or more of the Doe Defendants, and each of them, as herein described, was so malicious and contemptible that it would be looked down upon and despised by ordinary people.  Plaintiff is

---

the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986).

[6] *See Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996)("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so.").

1  therefore entitled to punitive damages in an amount appropriate to punish Defendants

2  and to deter others from engaging in similar conduct.

3  **SECOND CAUSE OF ACTION – VIOLATION OF 15 U.S.C. § 1692e**

4  **[Against Deutsche, BAC Home Loans, and Doe Defendants]**

5      51.    Plaintiff hereby incorporates by reference each and every one of the

6  preceding paragraphs as if the same were fully set forth herein.

7      52.    Defendants Deutsche and BAC Home Loans claim they gained the right to

8  collect Plaintiff's debt obligation at a time they claim Plaintiff was in default and thus

9  are debt collectors pursuant to the Federal Debt Collection Practices Act ("FDCPA").

10  15 U.S.C. § 1692(a)(6)(F)(iii).

11      53.    Federal law prohibits the use of "any false, deceptive, or misleading

12  representation or means in connection with the collection of any debt… including the

13  false representation of… the character, amount, or legal status of any debt… and the

14  threat to take any action that cannot legally be taken…" 12 U.S.C. §1692(e)(2)(A)-(B)

15      54.    As set forth more fully above, Deutsche has attempted to collect the Note

16  under false pretenses.  Specifically, Deutsche claims it gained the beneficial interest and

17  right to collect Plaintiff's debt on October 28, 2010 via an Assignment of Deed of Trust.

18  Also, Defendants caused a Notice of Default to be executed on October 28, 2010. *See*

19  **Exhibit "E,"** attached hereto is a true and correct copy of the Notice of Default.

20  Plaintiff specifically disputes the veracity of this document and challenges its validity.

21  Thus, because Defendants claim they gained their right to collect Plaintiff's Loan during

22  default they are debt collectors under the FDCPA.  15 U.S.C.        §

23  1692(a)(6)(F)(iii).

24      55.    Also, since October 28, 2010, BAC Home Loans, acting as Plaintiff's

25  mortgage servicer and Defendant Deutsche's agent, has been acting in a manner to

26  mislead Mr. Armeni into believing that BAC Home Loans had the authority to demand

27  payments from him.

28

1    56.    BAC Home Loans, acting as Plaintiff's mortgage servicer, threatened to

2    take action, namely engaging in collection activities that cannot legally be taken by

3    them.

4    57.    On information and belief, Deutsche does not have a perfected security

5    interest in Plaintiff's Note such that they can enforce Plaintiff's obligation and/or collect

6    mortgage payments.

7    58.    Plaintiff alleges that Deutsche falsely represented the status of Plaintiff's

8    debt and Defendants' ability to enforce Plaintiff's debt obligation, in which they have no

9    pecuniary, equitable, or legal interest.

10    59.    The conduct described above by Deutsche, was malicious because

11    Defendants knew that they were not acting on behalf of the current pecuniary

12    beneficiary of the Note and Mortgage.  However, despite such knowledge, Defendants

13    continued to demand and collect Plaintiff's mortgage payments.

14    60.    On information and belief, Deutsche engaged and are engaging in a pattern

15    and practice of defrauding Plaintiff, in that during the entire life of the Loan, Deutsche

16    failed to properly credit payments made, incorrectly calculated interest on the account,

17    and failed to accurately debit fees.

18    61.    On information and belief, at all times material, Deutsche had, and has,

19    actual knowledge that Plaintiff's account was not accurate, but that Plaintiff would

20    continue to make further payments based on Defendants' inaccurate account.  Plaintiff

21    made payments based on these improper, inaccurate, and fraudulent representations.

22    62.    The foregoing acts and omissions of each and every Defendant and their

23    agents constitute numerous and multiple violations of the FDCPA including, but not

24    limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C.

25    § 1692 et seq., with respect to Plaintiff.

26    63.    Plaintiff could not have reasonably known of the existence of a claim for

27    violation of 15 U.S.C. § 1692e because Defendants fraudulently concealed the fact that

28    they were not entitled to enforce Plaintiff's debt obligation and that they were falsely

THIRD AMENDED COMPLAINT                                                                            -15-

1   representing to Plaintiff that the character and amount of money Plaintiff still owed on

2   his debt.[7]

3       64.    As a result of each and every Defendant's violations of the FDCPA,

4   Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory

5   damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

6   reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

7   declaratory relief, from each and every Defendant herein.

8       65.    Plaintiff relied on Deutsche's and/or BAC Home Loans' misrepresentations

9   and have been damaged in the following ways: (1) multiple parties may seek to enforce

10  his debt obligation against him; (2) the title to his home has been clouded and its

11  salability has been rendered unmarketable, as any buyer of Plaintiff's home will find

12  themselves in legal limbo, unable to know whether they can safely buy Plaintiff's home

13  or get title insurance; (3) he has been paying the wrong party for an undetermined

14  amount of time and overpaid in interest that was overcalculated; (4) he is unable to

15  determine whether he sent his monthly mortgage payments to the right party; (5) his

16  credit and credit score have been damaged; and (6) he has expended significant funds to

17  cover the cost of attorneys' fees and related costs.

18  ## THIRD CAUSE OF ACTION –

19  ## VIOLATION OF BUS. AND PROF. CODE SECTION 17200, ET SEQ.

20  **[Against Deutsche, BAC Home Loans, and Doe Defendants]**

21      66.    Plaintiff hereby incorporates by reference each and every one of the

22  preceding paragraphs as if the same were fully set forth herein.

23

24

25      [7] "If a reasonable plaintiff would not have known of the existence of a possible claim within the
    limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit
    until the plaintiff can gather what information he needs." *Garcia v. Wachovia Mortg. Corp.*, 676
26  F.Supp.2d 895, 905 (2009) *citing Santa Maria*, 202 F.3d at 1178; *see also Stoll v. Runyon,* 165 F.3d
    1238, 1242 (9th Cir.1999) ("Equitable tolling applies when the plaintiff is prevented from asserting a
27  claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond
    the Plaintiff's control made it impossible to file a claim on time.") (citation omitted).
28

67.     Defendants have engaged in unfair, unlawful, and fraudulent business practices in the State of California, as set forth above.

68.     By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Bus. and Prof. Code section 17200, et seq.

69.     Cal. Bus. and Prof. Code section 17200, et seq., prohibits acts of unfair competition, which means and includes any unlawful, unfair, or fraudulent business act and conduct which is likely to deceive and is fraudulent in nature.

70.     Defendants' conduct, for the reasons stated herein, is in direct violation of 15 U.S.C. § 1692, et seq.

71.     Defendants' conduct, for the reasons stated herein, is in direct violation of 12 U.S.C. § 2605 et seq.

72.     Defendants' conduct, for the reasons stated herein, is in direct violation of Cal. Penal Code section 532(f)(a)(4).

73.     Defendants engaged in unfair, unlawful,[8] and fraudulent business practices with respect to mortgage loan servicing and related matters.

74.     Defendants failed to disclose the principal for which documents were being executed and recorded in violation of Cal. Civ. Code section 1095.

75.     Defendants demanded and accepted payments for debts that were non-existent.

76.     Defendants reported payments as late to credit bureaus without the legal right or authority to do so.

77.     Defendants acted as a beneficiary without the legal authority to do so.

---

[8] "Unlawful" acts or practices are those forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, or court-made. *Saunders v. Superior Court*, 27 Cal. 4th 832 (1994); *Hewlett v. Squaw Valley*, 54 Cal. 4th 499 (1997).

78.   Defendants facilitated, aided, and abetted the illegal, deceptive, and unlawful enforcement of Plaintiff's Note and Mortgage and engaged in other illegal debt collection activities.

79.   BAC Home Loans, acting as Plaintiff's mortgage servicer, has been acting in a manner to mislead Mr. Armeni into believing that BAC Home Loans had the authority to demand payments from him.

80.   As alleged herein, Plaintiff's Note was not properly transferred to Deutsche, who seek to cause their purported authorized agent(s) to collect mortgage payments and engage in other unlawful collection practices.

81.   On information and belief, Deutsche does not have a perfected security interest in Plaintiff's Note such that they can enforce Plaintiff's obligation and/or collect mortgage payments.

82.   Plaintiff alleges, on information and belief, Deutsche fraudulently enforced a debt obligation in which they had no pecuniary, equitable, or legal interest. Deutsche's and/or BAC Home Loans' conduct is part of a fraudulent debt collection scheme.

83.   The conduct described above by Deutsche and/or BAC Home Loans', was malicious because Defendants knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Mortgage.  However, despite such knowledge, Defendants continued to demand and collect Plaintiff's mortgage payments.

84.   On information and belief, at all times material, Deutsche and or BAC Home Loans had, and have, actual knowledge that Plaintiff's account was not accurate, but that Plaintiff would continue to make further payments based on Defendants' inaccurate account.  Plaintiff made payments based on these improper, inaccurate, and fraudulent representations.

85.   As more fully described above, Defendants' acts and practices are unlawful.  This conduct is ongoing and continues to this date.

86.   As more fully described above, Defendants' acts and practices are likely to deceive members of the public.  This conduct is ongoing and continues to this date.

87.   As more fully described above, Defendants' acts and practices are unfair and the harm caused by their conduct outweighs any benefit that their conduct may have.  This conduct is ongoing and continues to this date.

88.   Plaintiff alleges that by engaging in the above described acts and/or practices as alleged herein, Defendants violated several laws including Cal. Bus. and Prof. Code section 17200, et seq. and must be required to disgorge all profits related to their unfair, unlawful, and deceptive business practices.

89.   Plaintiff alleges that Defendants' misconduct, as alleged herein, gave Defendants an unfair competitive advantage over their competitors.  The scheme implemented by Defendants is designed to defraud California consumers and enrich the Defendants.

90.   The foregoing acts and practices have caused substantial harm to California consumers, including Plaintiff.

91.   By reason of the foregoing, Defendants have been unjustly enriched, by collecting payments that they are not entitled to, and should be required to make restitution to Plaintiff and other California consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to Cal. Bus. and Prof. Code sections 17203 and 17204.

92.   As a direct and proximate result of the actions of Defendants, and each of them, stated above, Plaintiff has been injured in that a cloud has been placed upon title to Plaintiff's Property and Defendants have failed to remove this cloud from Plaintiff's title.

93.   Plaintiff requests the Court to issue an order compelling Deutsche, BAC Home Loans, and any other Defendants claiming an interest in and to the Property to take any and all actions necessary to remove the cloud they have placed upon his title and an order enjoining such Defendants from taking such actions again in the future.

94.     As a direct and proximate result of the violations of Cal. Bus. and Prof. Code section 17200 by Deutsche and/or BAC Home Loans, Plaintiff has suffered actual pecuniary damages, including, but not limited to civil liability, restitution, injunctive relief preventing Defendants from continuing to collect mortgage payments, and attorneys' fees, in an amount to be proven at trial.

95.     As a result of Deutsche's violations of Cal. Bus. and Prof. Code section 17200, Plaintiff has been damaged in the following ways: (1) multiple parties may seek to enforce his debt obligation against him; (2) the title to his home has been clouded and its salability has been rendered unmarketable, as any buyer of Plaintiff's home will find themselves in legal limbo, unable to know whether they can safely buy Plaintiff's home or get title insurance; (3) he has been paying the wrong party for an undetermined amount of time and overpaid in interest that was overcalculated; (4) he is unable to determine whether he sent his monthly mortgage payments to the right party; (5) his credit and credit score have been damaged; and (6) he has expended significant funds to cover the cost of attorneys' fees and related costs.

## FOURTH CAUSE OF ACTION - BREACH OF CONTRACT

### [Against Deutsche, BAC Home Loans and Doe Defendants]

96.     Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

97.     In the alternative, if the Court finds that Deutsche is a successor in interest to the Deed of Trust pursuant to the terms of the Deed of Trust, Plaintiff alleges that Defendants Deutsche and/or BAC Home Loans breached the Deed of Trust by improperly crediting and debiting their account.

98.     On April 23, 2006, Plaintiff obtained the Mortgage Loan from America's Wholesale Lender and executed a Note and Deed of Trust.

99.     Deutsche allegedly became a party to this contract when it was purportedly assigned MERS' interest in Plaintiff's Note and Deed of Trust.

100.   The Deed of Trust sets forth the dates that the monthly principal and interest payments were due and when late fees and other charges could be assessed.

101.   Section 2 of the Deed of Trust states that: "Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3.  Such payments shall be applied to each Periodic Payment in the order in which it became due."  *See* **Exhibit "F,"** attached hereto is a true and correct copy of the Deed of Trust.

102.   Plaintiff substantially performed the conditions in the Deed of Trust.

103.   Defendant Deutsche and/or BAC Home Loans breached the Deed of Trust by failing to apply the payments made by Plaintiff in the order of priority set forth in Section 2, and this resulted in improper fees and taxes being added to the balance of the Loan.

104.   Plaintiff was unaware that Defendants were failing to apply the payments in the way set forth in the Deed of Trust because Defendants fraudulently concealed this practice of applying Plaintiff's mortgage payments to Plaintiff's account.  Plaintiff could not have reasonably discovered the impropriety of Defendants behavior because these facts were hidden from him and were not disclosed throughout the servicing of his Loan.

105.   Plaintiff could not have reasonably known of the existence of a breach of the Deed of Trust because Defendants fraudulently concealed the improperly applied mortgage payments, the incorrect calculation of interest, and the improper fees added to Plaintiff's account that did not comply with Section 2 of Plaintiff's Deed of Trust.

106.   As a proximate result of Defendants' breaches, Plaintiff has suffered compensatory damages in an amount to be proven at trial.  Plaintiff relied on Deutsche's misrepresentations and have been damaged in the following ways: (1) multiple parties may seek to enforce his debt obligation against him; (2) the title to his home has been clouded and its salability has been rendered unmarketable, as any buyer of Plaintiff's home will find themselves in legal limbo, unable to know whether they can safely buy

1   Plaintiff's home or get title insurance; (3) he has been paying the wrong party for an

2   undetermined amount of time and overpaid in interest that was overcalculated; (4) he is

3   unable to determine whether he sent his monthly mortgage payments to the right party;

4   (5) his credit and credit score have been damaged; and (6) he has expended significant

5   funds to cover the cost of attorneys' fees and related costs.

6   ## FIFTH CAUSE OF ACTION – BREACH OF THE IMPLIED COVENANT OF

7   ## GOOD FAITH AND FAIR DEALING

8   ### [Against Deutsche, BAC Home Loans, and Doe Defendants]

9        107.   Plaintiff hereby incorporates by reference each and every one of the

10   preceding paragraphs as if the same were fully set forth herein.

11        108.   As with the Fourth Cause of Action for Breach of Contract, this claim is

12   also brought in the alternative to the extent the Court finds an enforceable contract

13   between Plaintiff and Defendants.

14        109.   The implied covenant of good faith and fair dealing supplements the

15   express contractual covenants, to prevent a contracting party from engaging in conduct

16   that frustrates the other party's rights to the benefits of the agreement.[9]  The covenant

17   thus prevents a contracting party from taking an action which, although technically not a

18   breach, frustrates the other party's right to the benefit of the contract.[10]

19        110.   Also, a tortious breach of the implied covenant may subject Defendants to

20   punitive damages, pursuant to Cal. Civ. Code Section 3294(a).[11]

21        111.   If the Court finds that Defendant Deutsche is a successor in interest to the

22   Deed of Trust pursuant to the terms of the Deed of Trust, Plaintiff alleges that

23

24   _____

25        [9] *Waller v. Truck Ins. Exchange, Inc.,* 11 Cal.4th 1, 36 (1995).

         [10] *Love v. Fire Ins. Exchange,* 221 Cal.App.3d 1136, (1990).

26        [11] Cal. Civ. Code Section 3294(a) provides, "(a) In an action for the breach of an obligation not
27   arising from contract, where it is proven by clear and convincing evidence that the defendant has been
     guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover
28   damages for the sake of example and by way of punishing the defendant."

1  Defendants Deutsche and BAC Home Loans breached the implied promise of good faith

2  and fair dealing by improperly applying Plaintiff's payments and adding improper fees

3  to their account.  Said misapplication was done with the intent to frustrate the purpose of

4  the contract.  As a result, Defendants frustrated Plaintiff's right to the benefit of equity

5  in his home.

6       112.   As alleged above, Plaintiff entered into a contract (Deed of Trust) with

7  Defendant America's Wholesale Lender and substantially performed the conditions

8  under the Deed of Trust.

9       113.   Deutsche allegedly became a party to this contract when it was purportedly

10  assigned Defendant America's Wholesale Lender's interest in Plaintiff's' Note and

11  Deed of Trust.

12       114.   After being assigned Plaintiffs' Note and Deed of Trust, Defendant

13  Deutsche, and Defendant BAC Home Loans as its agent, enjoyed substantial

14  discretionary power affecting Plaintiff's rights under the Deed of Trust as detailed

15  throughout this Third Amended Complaint.  Defendants are required to exercise such

16  power in good faith.

17       115.   Defendants Deutsche and/or BAC Home Loans breached their duty of good

18  faith by interfering with Plaintiff's ability to perform his obligations under the contract

19  because they improperly applied mortgage payments, incorrectly calculated interest, and

20  improperly added fees to Plaintiff's account.  Defendants' failure to cooperate allowed

21  them to collect more money from Plaintiff than they were owed.[12]  Defendants' practice

22  of misapplying payments, applying improper fees and taxes caused Plaintiff's principal

23  balance to grow and over-accrue interest and frustrated Plaintiffs' right to the benefit of

24  equity in his home.

25

26

27

28       [12] Witkin, Summary of California Law, Contracts, §744 (8th ed.); *see also Sutherland v. Barclays American/Mortgage Corp.*, 53 Cal. App. 4th 299, 314 (1997); *Harm v. Frasher*, 181 Cal. App. 2d 405, 415 (1960).

THIRD AMENDED COMPLAINT                                   -23-

116.   Plaintiff could not have reasonably known of the existence of a breach of the implied covenant of good faith and fair dealing claim because Defendants fraudulently concealed the fact that they were not applying payments in accordance with the Deed of Trust thereby interfering with the Plaintiff's ability to perform under the contract.  Defendants concealed the improperly applied mortgage payments, the incorrect calculation of interest, and the improper fees added to Plaintiff's account.  In doing so, frustrated Plaintiff's right to the benefit of equity in his home under the Deed of Trust.

117.   As a proximate result of Defendant Deutsche's and /or BAC Home Loans' breaches, Plaintiff has suffered general and special damages in an amount to be proven at trial, including but not limited to, any excess fees and interest paid and foregone equity in his home.

118.   Plaintiff has relied on BAC Home Loans' and/or Deutsche's misrepresentations and have been damaged in the following ways: (1) multiple parties may seek to enforce his debt obligation against him; (2) the title to his home has been clouded and its salability has been rendered unmarketable, as any buyer of Plaintiff's home will find themselves in legal limbo, unable to know whether they can safely buy Plaintiff's home or get title insurance; (3) he has been paying the wrong party for an undetermined amount of time and overpaid in interest that was over-calculated; (4) he is unable to determine whether he sent his monthly mortgage payments to the right party; (5) his credit and credit score have been damaged; and (6) he has expended significant funds to cover the cost of attorneys' fees and related costs

WHEREFORE, Plaintiff prays as follows:

1.   For compensatory, special, and general damages in an amount according to proof at trial, but not less than $5,000,000.00 against all Defendants;

2.   For punitive and exemplary damages in an amount to be determined by the Court against all Defendants;

1        3.      For an order compelling Defendants to remove any instrument, including

2   the Assignment, which does or could be construed as constituting a cloud upon

3   Plaintiff's title to the Property;

4        4.      For a declaratory judgment finding that Defendants do not have any legally

5   cognizable rights as to Plaintiff, the Property, Plaintiff's Promissory Note, Plaintiff's

6   Deed of Trust, or any other matter based on contract or any of the documents prepared

7   by Defendants, tendered to and executed by Plaintiff;

8        5.      For the Court to issue an order restraining Defendants, their agents, or

9   employees from continuing or initiating any action against the Property and enjoining

10  Defendants, their agents, or employees from doing so during the pendency of this

11  matter;

12       6.      For an order compelling Defendants to disgorge all amounts wrongfully

13  taken from Plaintiff and returning the same to Plaintiff's interest thereon at the statutory

14  rate from the date the funds were first received from Plaintiff;

15       7.      For costs of suit incurred herein;

16       8.      For reasonable attorneys' fees incurred; and

17       9.      For such other and further relief as the Court may deem proper.

18

19  Dated:        February 15, 2012              PROSPER LAW GROUP, LLP

20

21                                      By:     _____
                                                Gordon F. Dickson
22                                              Deborah P. Gutierrez
                                                Vincent C. Granberry
23                                              Attorneys for Plaintiff,
                                                Attilio Armeni
24

25

26

27

28