**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O
JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-1317 DOC (SHx)                                           Date: May 2, 2012

Title: ATTILIO ARMENI -V- AMERICA'S WHOLESALE LENDER, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                          NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING IN PART MOTION TO DISMISS AND DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION

       Before the Court is Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (Docket 25). After considering the moving, opposing, and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS IN PART the Motion to Dismiss and sua sponte DISMISSES WITH PREJUDICE the TAC for lack of subject matter jurisdiction.

**I. BACKGROUND**

       For a full recitation of the facts of this case, refer to the Court's Order Granting in Part and Denying in Part Defendants' previous Motion to Dismiss (Docket 21) ("First MTD Order"). Plaintiff filed a Third Amended Complaint ("TAC") on February 15, 2012 (Docket 25) which asserts claims against Defendants America's Wholesale Lender ("AWL"), Deutsche Bank National Trust Company, as Trustee for the Harborview Mortgage Loan Trust 2006-5 ("Deutsche"), and Bank of America, as Successor by Merger to BAC Home Loans Servicing, LP ("BAC") (collectively, "Defendants") for declaratory relief, violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of Cal. Bus. and Prof. Code Section 17200 ("UCL"), breach of contract, and breach of the implied covenant of good faith and fair dealing.

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled allegations and construes all inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). The court may disregard allegations in the body of the complaint that are contradicted by documents attached to the complaint as exhibits. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. DISCUSSION

Plaintiff alleges that Deutsche and BAC have violated the Fair Debt Collections Practices Act, 15 U.S.C., § 1692(e) ("FDCPA"). Plaintiff's FDCPA claim was originally dismissed without prejudice in the Court's First MTD Order because Plaintiff did not allege that his loan was in default when any Defendant obtained the right to collect payments on the loan, as required by the FDCPA. 15 U.S.C. § 1692a(6)(F)(iii). Plaintiff has remedied that deficiency and now alleges that both Deutsche and BAC are debt collectors because they "gained the right to collect Plaintiff's debt obligation at a time they claim Plaintiff was in default." TAC, ¶ 52.

Plaintiff has still failed, however, to allege that either Defendant is a "debt collector" within the meaning of the FDCPA. The "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Tina v. Countrywide Home Loans,* 2008 WL 4790906, at *6 (S.D. Cal. Oct. 30, 2008) (quoting *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)). Because that is exactly the activity that Deutsche and BAC are seeking to undertake, they are not debt collectors within the meaning of the statute.

Plaintiff's FDCPA claim is hereby DISMISSED WITH PREJUDICE.

Because Plaintiff's sole federal claim is hereby dismissed with prejudice[1] and because Plaintiff does not allege diversity of citizenship, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state court claims.

### IV. DISPOSITION

For the aforementioned reasons, Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

The Clerk shall serve this minute order on all parties to the action.

---

[1] The fact that Plaintiff seeks relief under the federal Declaratory Judgment Act does not confer jurisdiction upon this Court. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950). Such a result is logical, as parties cannot simply plead a federal cause of action for declaratory relief as to a state law controversy as an end run around the restrictions of federal subject matter jurisdiction.